OPINION
{¶ 1} Defendant-appellant, Barnabe Garcia Aranda, brings this appeal from a Marion County Common Pleas Court judgment of conviction and sentence entered upon jury verdicts of guilty on two counts of forgery, in violation of R.C. 2913.31, for his possession and use of forged social security and resident alien cards. Aranda argues that the verdicts are not supported by sufficient credible evidence. However, viewing the evidence in a light most favorable to the prosecution, we find that the record contains sufficient evidence to permit a rational trier of fact to find the essential elements of the crimes proved beyond a reasonable doubt. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} Facts and procedural history pertinent to issues raised on appeal are as follows: On February 9, 2002, Marion City Police Patrolman, Dave Dunaway, responded to a call regarding two men who were reportedly intoxicated and preparing to drive from the location. After observing the men drinking beer while standing beside or sitting in a running vehicle, Patrolman Dunaway approached the men, removed an open container of beer from Aranda's hand and requested that the men produce identification. Aranda, a Mexican national who appeared to be extremely intoxicated, gave an unintelligible response in Spanish, retrieved the beer, and took another drink. Patrolman Dunaway then handcuffed Aranda, patted him down, removed his wallet from his back pocket, and again requested identification or an "I.D." Aranda responded by motioning with his head toward the wallet in the patrolman's hand.
 {¶ 3} Within the wallet, Patrolman Dunaway located a social security card. A call to the city dispatch and inspection of the card revealed it to be forged. Thereafter, a falsified resident alien card was discovered during an inventory of the wallet. When Marion City Police Detective, Scott Sterling, asked Aranda to provide his social security number during an ensuing interview, he repeated the number printed on the falsified social security card. Aranda subsequently admitted that, after entering the country illegally, he acquired the social security and resident alien cards for one-hundred dollars at an apartment in Chicago for purposes of remaining and obtaining employment in the United States. Further investigation revealed that Aranda had presented the falsified cards to the Buckeye Egg Farm in order to obtain employment.
 {¶ 4} As a result of these activities, Aranda was charged with two fifth-degree-felony counts of forgery, in violation of R.C. 2913.31(A)(3). The case proceeded to a jury trial. At the close of the State's case, Aranda moved for acquittal, claiming that the State had failed to prove venue or present sufficient evidence as to the essential elements of the offense. The motion was denied. Thereafter, the jury returned verdicts of guilty on both counts. The trial court subsequently sentenced Aranda to concurrent six-month terms of imprisonment. From the entry of conviction and sentence Aranda appeals, presenting two assignments of error for our review.
Assignment of Error Number One:
 {¶ 5} "Appellant's conviction for two (2) counts of forgery was against the manifest weight of the evidence, and was not supported by sufficient, credible evidence as to the essential elements of the offense, nor was there evidence that the same occurred in Marion County, Ohio. Therefore, it was error for the trial court to deny Appellant's motion for acquittal."
 {¶ 6} R.C. 2913.31 provides that "(A) No person, with the purpose to defraud, or knowing that the person is facilitating a fraud shall do any of the following: * * * (3) Utter, or possess with the purpose to utter, any writing that the person knows to have been forged." " `Utter' means to issue, publish, transfer, use, put or send into circulation, deliver, or display."[1] While forgery proscribes the creation of false writings, uttering generally proscribes the possession or subsequent transfer of such writings for the purpose of defrauding others.[2]
 {¶ 7} Aranda argues that the State failed to produce sufficient, credible evidence that he uttered or possessed the social security card or the resident alien card with the purpose to utter or that any criminal conduct related thereto occurred in Marion County, Ohio. He asserts that the act of nodding his head toward the wallet, which he claims is the State's only evidence of uttering, is ambiguous and not indicative of an affirmative response or act. Surmising that the jury was compelled by the events of September 11, 2001, to return verdicts of guilt, Aranda maintains that the State could not prove that he possessed the documents with the purpose to utter because he was already gainfully employed at the time of his arrest, the documents did not ensure continued employment or the ability to remain in the country, and he became subject to deportation following his arrest. We disagree.
 {¶ 8} According to Crim.R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side has closed, shall order the entry of acquittal of one or more offenses charged in the indictment, information or complaint, if the evidence is insufficient to sustain a conviction of such offenses." To reverse a criminal conviction for insufficient evidence, we must be persuaded, after viewing all the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[3] In contrast, to reverse a criminal conviction as being against the manifest weight of the evidence, we must be persuaded that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[4]
 {¶ 9} Venue for an offense rests in any county where any element of the offense was committed.[5] Venue is not material element of offense charged but is a fact, which must be proved in criminal prosecutions unless it is waived by defendant.[6] Venue must be proved beyond reasonable doubt, but need not be proved in express terms so long as it is established by all facts and circumstances in the case.[7]
Waiver occurs if the defense does not properly object by the conclusion of the trial to the state's failure to prove venue.[8]
 {¶ 10} As previously mentioned, Aranda conceded that he obtained the falsified resident alien and social security cards and knew the cards were necessary to remain in the United States and maintain continued employment. Robert France, a Special Agent with the United States Immigration and Nationalization Services, testified that, although not the exclusive way to enter or remain in the country, the resident alien card entitles its holder to live and work in the United States and obtain public assistance or welfare. Despite any communication difficulties with Patrolman Dunaway during the arrest, we find that Aranda's possession of the falsified cards, continued reference to the social security number, and subsequent admissions, provide sufficient evidence upon which a rational trier of fact could conclude, beyond a reasonable doubt, that Aranda possessed documents he knew to be forged for purposes of use, delivery, or display. Considering that Aranda possessed the falsified documents in Marion County, where he resides, referred to the counterfeit social security number upon inquiry by Detective Sterling, and admitted that the documents were necessary for him to remain in the United States, we cannot say that no elements of the crimes were committed in Marion County or that venue was improper.
 {¶ 11} After viewing all the evidence in a light most favorable to the prosecution, we are not persuaded that no rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Additionally, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we do not find that the jury clearly lost its way or created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Accordingly, Aranda's first assignment of error is overruled.
Assignment of Error Number Two
 {¶ 12} "The trial court erred in admitting into evidence a taped interview of the Appellant when the State failed to lay a proper foundation as to the qualifications of the translator interpreting for the Appellant during the interview."
 {¶ 13} For his second assignment of error, Aranda claims that "the State failed to put forth any evidence going to the qualifications of the translator" and that "[w]ithout laying a proper foundation as to the translator's qualifications, it was error for the trial court to admit the tape recorded interview into evidence."
 {¶ 14} Evid.R. 604 provides that "[a]n interpreter is subject to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation that he will make a true translation." To testify as an expert, a witness must be qualified by specialized knowledge, skill, experience, training, or education.[9] A trial court's ruling with respect to a witness's qualifications as an expert will not ordinarily be reversed unless there is a clear showing that the court abused its discretion.[10]
 {¶ 15} At trial, the subject interpreter was questioned as to his Spanish translating experience. The interpreter, a Marion Area Counseling Center employee, testified that his mother was Puerto Rican and that he had spoken Spanish his entire life. He testified that he has acted as a volunteer translator for the Marion Police Department, Human Services, Children's Services, and several other agencies in Marion County for approximately ten years. He further indicated that Aranda had no trouble understanding or speaking with him, that there appeared to be no confusion as to the questions posed or corresponding responses during the interview, and that he believed his translations to be accurate. Therefore, the record contains ample facts supporting the interpreter's qualification as an expert witness for purposes of translation. Moreover, although defense counsel inquired as to purported discrepancies with Aranda's knowledge of whether he needed the falsified cards to work in the United States, he failed to produce any substantive evidence supporting that the interpreter's translations were inaccurate or contained discrepancies that prejudiced the outcome of the case. Accordingly, because Aranda has not clearly demonstrated that the court abused its discretion, his second assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Marion County Common Pleas Court is hereby affirmed.
 Judgment affirmed. BRYANT, P.J., and SHAW, J., concur.
[1] R.C. 2913.01(H).
[2] State v. Bounds (1995), 107 Ohio App.3d 700, 705, citing State v.Hunter (1983), 12 Ohio App.3d 75, 77-78.
[3] See, State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus; Statev. Thompkins (1997), 78 Ohio St.3d 380, 386.
[4] Thompkins at 387.
[5] R.C. 2901.12; State v. Headley (1983), 6 Ohio St.3d 475, 478.
[6] Headley at 477.
[7] Id.
[8] See, State v. Williams (Dec. 13, 2002), Ashtabula App. No. 2001-A-0044, 2002-Ohio-6919, ¶ 17.
[9] Evid.R. 702(B).
[10] Kitchens v. McKay (1987), 38 Ohio App.3d 165, 169.