ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, appellant Jose Rivera appeals from the trial court's restitution order, which required him to pay the victim $12,675, as a result of Rivera pleading guilty to receiving stolen property. Rivera assigns the following error for our review:
 {¶ 2} "The trial court erred in ordering Jose Rivera to pay restitution for damages resulting from an offense for which Jose Rivera was not convicted."
 {¶ 3} Having reviewed the record and pertinent law, we reverse and remand the trial court's restitution order. The apposite facts follow.
 {¶ 4} The Cuyahoga County Grand Jury indicted Rivera on one count of receiving stolen property in violation of R.C. 2913.51. The indictment charged that on June 25, 2002, Rivera and his co-defendant, Danny Rivera, "did receive, retain or dispose of [an] automobile motor the property of Kenneth Maynard knowing or having reasonable cause to believe that it had been obtained through the commission of a theft offense."
 {¶ 5} Rivera pled guilty to the charged offense, a felony of the fifth degree. At the sentencing hearing, the State informed the court that on June 25, 2002, detectives, acting on a tip, went to Rivera's home and observed a 1991 Eagle Talon. The owner of the car, co-defendant Danny Rivera, gave officers permission to inspect the automobile. The detectives identified the vehicle's motor as the one belonging to the car stolen from Kenneth Maynard.
 {¶ 6} Kenneth Maynard testified that his 1990 Eagle Talon was stolen. The thieves had to tow the car because it was not operational. Maynard stated he spent several years working on the car and that it was a custom race car.
 {¶ 7} Jose Rivera was permitted to address the court and admitted that he knew the engine was stolen when Danny showed it to him, because it was obviously designed for a custom car. Nevertheless, he agreed to install it in Danny's vehicle.
 {¶ 8} The trial court sentenced Rivera to five years community control and ordered him to pay restitution to the victim in the amount of $12,675, at a rate of $350 per month.[1] Rivera appeals.
 {¶ 9} In his sole assigned error, Rivera argues the trial court's restitution order in the amount of $12,675 is excessive and punishes him for the theft of the car, instead of just the motor.
 {¶ 10} R.C. 2929.11(E), in pertinent part, provides:
{¶ 11} "(E) The court may require a person who is convicted ofor pleads guilty to a felony to make restitution for all or partof the property damage that is caused by his offense and for allor part of the value of the property that is the subject of anytheft offense, * * *."
 {¶ 12} R.C. 2929.18(A)(1) also requires the trial court to calculate the amount of restitution owed based on the economic loss to the victim resulting from the defendant's crime. A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted.[2] "Thus, restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced."[3] A trial court abuses its discretion when it orders restitution in an amount which has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense for which he was convicted.[4]
 {¶ 13} Rivera pled guilty to receiving stolen property in violation of R.C 2913.51, a felony of the fifth degree. R.C.2913.51(C) provides in pertinent part:
{¶ 14} "If the value of the property involved is five hundreddollars or more and is less than five thousand dollars * * *receiving stolen property is a felony of the fifth degree."
 {¶ 15} Thus, by ordering restitution in an amount exceeding $5,000, the trial court ordered reimbursement that exceeded the actual loss suffered as a result of the offense. The indictment indicated the vehicle's motor was the subject of the receiving stolen property charge. The vehicle was not listed in the indictment.
 {¶ 16} Moreover, a review of the record fails to indicate how the trial court arrived at the $12,675 amount. The victim testified regarding the uniqueness of his vehicle, but never stated a value regarding his loss. Some mention is made on the record that the victim submitted a request for restitution in a certain amount, however, it is not contained in the record. Therefore, there is no way to determine whether the ordered amount of restitution bears a reasonable relationship to the actual loss suffered as a result of Rivera's receiving stolen property charge.
 {¶ 17} Accordingly, Rivera's sole assigned error is sustained. We reverse the trial court's restitution order and remand for a new hearing to determine the monetary loss the victim suffered as related to the motor.
Judgment reversed and case remanded for further proceedings.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J.*, and Calabrese, Jr., J., Concur.
(*Judge Anne L. Kilbane concurred in this Journal Entry and Opinion prior to her death on November 23, 2004.)
(The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. See State v. Pembaur (1982),69 Ohio St.2d 110.)
[1] Co-defendant Danny Rivera was ordered to pay restitution in the amount of $1,000.
[2] State v. Warner (1990), 55 Ohio St.3d 31, 69; State v.Hafer (2001), 144 Ohio App.3d 345, 348; State v. Hooks (2000),135 Ohio App.3d 746, 748.
[3] Hooks at 748, citing State v. Friend (1990),68 Ohio App.3d 241, 243.
[4] See, State v. Williams (1986), 34 Ohio App.3d 33, 34;Hooks, supra at 748.