JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Aliou Labghaly ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand to the lower court.
 I. {¶ 2} According to the case, on July 2, 2005, members of the Cleveland Police Department arrested appellant in possession of 695 DVD-R movies and 500 DVD-R movie labels for the movie "Rebound," which had not been released to the public on DVD. On August 9, 2005, appellant was indicted on criminal simulation and possession of criminal tools. He was arraigned on August 23, 2005, and pretrials were held on September 7, 2005, September 21, 2005, October 5, 2005 and November 1, 2005.
 {¶ 3} A bench trial commenced on December 27, 2005, and on December 28, 2005, the court found appellant guilty of criminal simulation and possession of criminal tools. A presentence investigation report was prepared, and appellant appeared on January 18, 2006. Appellant was sentenced to two years of community control sanctions and restitution in the amount of $13,655. On January 27, 2006, appellant was released into the custody of Homeland Security (I.N.S.). Appellant now appeals the trial court's order of $13,655 in restitution.
 {¶ 4} According to the facts, appellant was arrested with 695 jewel cases in his possession. Each jewel case contained a replicated DVD, which was estimated at trial to have been worth $19, if it had not been counterfeit. However, the DVDs in this case were counterfeit. Appellant states that the street value of each DVD is only $3, while appellee states that the value of each DVD should be $19.
 II. {¶ 5} Appellant's assignment of error states the following: "The trial court erred as a matter of law when it ordered the defendant-appellant to pay $13,665.00 in restitution without providing any evidentiary basis for the amount imposed."
 III. {¶ 6} R.C. 2929.18 governs a trial court's authority to order restitution, providing in pertinent part:
 " § 2929.18 Financial sanctions; restitution
 (A) * * * the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions * * * include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender."
 {¶ 7} Accordingly, a court sentencing an offender may require the offender to pay restitution in order to reimburse a victim of crime. The amount of restitution must be based on the "economic loss" sustained as a result of the indicted offense. R.C. 2929.18. "Economic loss" is defined by R.C. 2929.01(M), which provides the following:
 "(M) 'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. 'Economic loss' does not include non-economic loss or any punitive or exemplary damages."
 {¶ 8} On appeal, this court evaluates a lower court's order of restitution under an abuse of discretion standard. State v. Berman, Cuyahoga App. No. 79542, 2002- Ohio-1277, citing State v. Marbury
(1995), 104 Ohio App.3d 179, 661 N.E.2d 271.
 {¶ 9} When a defendant is ordered to pay restitution during sentencing, there "must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered."State v. Williams (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270. When a court imposes restitution as part of a felony offender's sentence, it must be "based on the victim's economic loss." R.C. 2929.18(A)(1).
 {¶ 10} An order of restitution is, therefore, "limited to the actual damage or loss caused by the offense of which the defendant is convicted." Williams, supra. The amounts claimed lost by a victim must be established with certainty. Id. "Where evidence of actual losses is not forthcoming from those claiming restitution the trial court abuses its discretion in ordering restitution." Marbury, supra, at 181, citingState v. Hansen (Mar. 22, 1990), Cuyahoga App. No. 56778.
 {¶ 11} In the case at bar, the state claimed that the DVDs should be valued at $19. However, appellee stated that the street value of each DVD should only be $3. The trial court made a determination that the amount of restitution should be $13,655.
 {¶ 12} The trial court did not inform the parties how it had determined the amount of restitution, and no evidence was placed in the record supporting the decision. Aside from the state expert's testimony, neither the state nor any victims provided any evidence of compensable loss before the court ordered appellant to pay restitution. The trial court's order of restitution is not based on the actual losses suffered by the victims in this particular case. The record does not contain any testimony from an actual victim. In addition, there was no evidence elicited from, or provided by, the Motion Picture Association of America.
 {¶ 13} R.C. 2929.18(A)(1) also requires the trial court to calculate the amount of restitution owed based on the economic loss to the victim resulting from the defendant's crime. A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted. (Emphasis added.) State v.Warner (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18; State v. Hafer,144 Ohio App.3d 345, 348, 2001-Ohio-2412, 760 N.E.2d 56; State v. Hooks
(2000), 135 Ohio App.3d 746, 748, 735 N.E.2d 523.
 {¶ 14} A trial court abuses its discretion when it orders restitution in an amount which has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense for which he was convicted. See State v. Williams (1986),34 Ohio App.3d 33; Hooks, supra, at 748.
 {¶ 15} The record in the case at bar fails to provide enough evidence to support the $13,655 restitution order. Therefore, this court is unable to determine whether the ordered amount of restitution bears a reasonable relationship to the actual loss suffered as a result of appellant's illegal conduct. Determination of such a relationship is required by R.C. 2929.21(E).
 {¶ 16} Based on the evidence in the record, we find that the trial court abused its discretion in ordering defendant to pay restitution in the amount of $13,655.
 {¶ 17} Appellant's assignment of error is sustained.
 {¶ 18} This case is reversed and remanded for the limited purpose of holding a hearing to determine damages. The value of the confiscated DVDs and jewel cases should be taken into consideration. The dollar value of the confiscated items should be subtracted from whatever total street or retail value the lower court determines is best in its valuation before any final restitution figure is completed.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS WITH SEPARATE CONCURRING OPINION; MARY EILEEN KILBANE, J., DISSENTS WITH SEPARATE DISSENTING OPINION