[Cite as *State v. Moore-Bennett*, 2011-Ohio-1937.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95450**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KRISTIN MOORE-BENNETT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART,
MODIFIED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-483911

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 21, 2011

**ATTORNEY FOR APPELLANT**

Michael J. Manuszak
2905 Paxton Road
Shaker Heights, OH 44120

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Erin Stone
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶ 1}   Appellant Kristin Moore-Bennett appeals her conviction in the Cuyahoga County Court of Common Pleas for theft.   For the reasons stated herein, we affirm the conviction but modify the order of restitution, which is contrary to law.

{¶ 2}   Appellant was indicted on one count of theft, in violation of R.C. 2913.02, a felony of the fifth degree with the alleged value of property being

$500 or more but less than $5,000. She entered a plea of not guilty, and the case proceeded to a bench trial.

{¶ 3} At trial, testimony was presented concerning events that transpired on May 18, 2006. In the early morning hours of May 18, 2006, Khaled Jaffal was working his job at a convenience store owned by his brother. He spoke on the phone with appellant, with whom he previously had a friendship and sexual relationship. On occasion, Jaffal had given appellant money to help out with her children and bills. Appellant had since entered a relationship with Jaffal's cousin. Jaffal testified that he did not have any hard feelings.

{¶ 4} Jaffal left work sometime after midnight, and he and appellant went to a restaurant to eat. Jaffal loaned appellant his jacket. He had cash, which he was to deposit in the bank for his employer, in the inside pocket of his jacket. He testified that he made daily deposits for work.

{¶ 5} After leaving the restaurant, the two went to Jaffal's apartment. Jaffal claims he offered appellant a place to sleep for the night. After getting his jacket back, Jaffal removed the cash from his jacket, verified it was all still there, and transferred it to his pants pocket. He claimed the amount was $2,800, which was to cover the money orders issued the day before. The state entered copies of the money order receipts as exhibits at trial.

**{¶ 6}** Jaffal testified that he folded his pants before going to bed and placed them next to his bed. He stated that when he awoke, appellant was gone, his pants were no longer folded the same way, and the money was missing. There were no other persons in his apartment during the time frame in question, and there was no sign of forced entry. He made a police report the same day.

**{¶ 7}** Appellant testified that she was unaware of the existence of the money and denied stealing the money. After being arraigned on the theft charge, she failed to appear in court in November 2006 and a capias was issued for her arrest. She testified she "was scared" and moved out of state. She finally was taken into custody on February 2, 2010.

**{¶ 8}** The trial court denied appellant's two motions for acquittal, which were made at the close of the state's case and the defense's case. The trial court found appellant guilty of theft, a misdemeanor of the first degree, which was an inferior degree of the indicted offense. The court stated that it believed Jaffal had the money, but it found "the evidence relative to value unpersuasive." This was because the receipts submitted by the state, less money that was not collected, only added up to a value of $2,061, as opposed to the $2,800 amount that was claimed to be missing by Jaffal.

**{¶ 9}** The court sentenced appellant to a suspended jail term of six months, placed her on probation for one year, and ordered her to pay restitution in the amount of $2,061.72.

**{¶ 10}** Appellant timely appealed her conviction. She raises four assignments of error for our review, under which she argues that the trial court erred in denying her Crim.R. 29 motion for acquittal and that her conviction was against the sufficiency and manifest weight of the evidence.

**{¶ 11}** A motion for acquittal under Crim.R. 29(A) is governed by the same standard used for determining whether a verdict is supported by sufficient evidence. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." (Citations and quotations omitted.) Id.

**{¶ 12}** In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable

inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal citations and quotations omitted.) *State v. Leonard,* 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81.

{¶ 13} The offense of theft under R.C. 2913.02(A)(1) provides as follows: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent[.]" "Except as otherwise provided * * *, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars * * * a violation of this section is theft, a felony of the fifth degree." R.C. 2913.02(B)(2).

{¶ 14} Jaffal, who was an employee of the convenience store, testified that he made daily cash deposits; he had a cash deposit with him when he left work on May 18, 2006; the money was in his pants pocket when he went to sleep; he and appellant were the only two in his apartment; appellant and the cash were missing when he awoke; and he made a police report the same day. The state entered money order receipts as evidence of value.

{¶ 15} Appellant claims that there is no evidence to corroborate Jaffal's claim that appellant took money from him or to show that the store was actually missing any cash. However, the lack of corroborating evidence, by itself, does not undermine Jaffal's credibility. His testimony, if believed, was sufficient to sustain a conviction. Furthermore, upon our review of the entire record, we do not find the conviction was against the manifest weight of the evidence.

{¶ 16} Nevertheless, we find the trial court committed an error in law with respect to the restitution order. After determining that the actual value of the money order receipts submitted into evidence was less than the $2,800 amount that Jaffal claimed was missing, the trial court found "the evidence relative to value unpersuasive." The trial court proceeded to convict appellant of misdemeanor theft, which requires that the value of the property or services stolen must be less than $500. See R.C. 2913.02(B)(2). Yet, the trial court found that the money order receipts totaled $2,061 and ordered restitution for that amount. There is clearly an inconsistency between the amount of restitution ordered and the court's decision to impose a misdemeanor conviction.

{¶ 17} While we are perplexed by the trial court's decision to not convict appellant of a fifth-degree felony as charged, there nonetheless was sufficient evidence of value stolen to support a first-degree misdemeanor theft offense.

However, by convicting appellant of the inferior-degree offense, the trial court was limited to ordering restitution in an amount consistent with misdemeanor theft, which is less than $500.

{¶ 18} R.C. 2929.28(A)(1) requires that when restitution is imposed as part of a criminal sanction for misdemeanor offenses, "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." Ohio courts have recognized that the amount of restitution ordered by a trial court must bear a reasonable relationship to the loss suffered and is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. *State v. Henry*, Clermont App. No. CA2009-12-081, 2010-Ohio-4571, ¶ 22; *State v. Smith*, Butler App. No. CA2004-11-275, 2005-Ohio-6551, ¶ 21; *State v. Rivera*, Cuyahoga App. No. 84379, 2004-Ohio-6648, ¶ 12; see, also, *State v. Hooks* (2000), 135 Ohio App.3d 746, 749, 735 N.E.2d 523. A trial court abuses its discretion in ordering restitution in an amount that exceeds the economic loss resulting from the defendant's crime. *Rivera* at ¶ 12. An appellate court may modify a sentence when it finds by clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2).

{¶ 19} Because the trial court ordered appellant to pay restitution in an amount exceeding the value of property set forth for a misdemeanor theft

offense, the trial court's sentence is contrary to law. Accordingly, we reduce the restitution order to the amount of $499.99. We remand the matter to the trial court for the sole purpose of correcting the sentencing entry to comport with our decision herein.

Conviction affirmed; sentence modified; case remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR