[Cite as *State v. Lalain*, 2011-Ohio-4813.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
### No. 95857

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DANIEL LALAIN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-524732

**BEFORE:** Kilbane, A.J., Cooney, J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:    September 22, 2011

ATTORNEY FOR APPELLANT

John P. Hildebrand, Sr.
John P. Hildebrand Co., L.P.A.
21430 Lorain Road
Fairview Park, Ohio 44126

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
James D. May
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Daniel Lalain (Lalain), appeals his restitution order.   Finding no merit to the appeal, we affirm.

{¶ 2}  In June 2009, Lalain was charged with one count of theft, a first degree felony.  The indictment provided that the value of the property or services stolen was $1,000,000 or more.   Pursuant to a plea agreement, Lalain pled guilty to an amended count of theft, a fifth degree felony.   As a

fifth degree felony, the value of the property or services stolen was amended to $500 or more and less than $5,000.

{¶ 3} In September 2010, the trial court sentenced Lalain to four years of community control sanction and ordered that he pay $63,121 as restitution to the victim, who was Lalain's former employer, Aero-Instruments (Aero). At the sentencing hearing, the trial court stated that it has "a letter dated September 21st, 2010, from Mr. Ryan Mifsud from [Aero] relating to the loss in this case. And the court states that these documents plus any written or oral statements made to the court today shall be preserved as part of the record in this case."

{¶ 4} The letter states in pertinent part:

**"We have been asked to provide information regarding the financial impact on the company regarding the theft of property and the subsequent process that was undertaken to identify and value the property that was recovered by Cleveland Police[.] We have calculated the cost to [Aero] for the time spent by its employees in support of this case to be $55,456.00. This estimate does not include any costs for materials and supplies associated with the sorting, filing and copying of the more than 9,000 pages of documents and over 100 items recovered by the Cleveland Police from [Lalain's] possession.**

**In order to provide the County Prosecutor's Office with an accurate valuation of the property that was recovered, [Aero] contracted with Meaden and Moore and their Forensic Accounting department to determine a valuation of the property that was taken from the company. The cost associated with this activity was $7,665.00. [Aero] is**

**looking for restitution in the form of repayment by [Lalain] for these costs."**

{¶ 5} The trial court then asked defense counsel "if there is any reason we should not go forward with the hearing this morning." Defense counsel replied, "No, your Honor. We can proceed." When discussing mitigation, defense counsel stated, "I don't think [Lalain] should be held responsible for any of [the Meaden and Moore] cost" because the report was generated in furtherance of a civil lawsuit Aero initially filed against Lalain and later dismissed, in order to proceed with the criminal prosecution. After Lalain addressed the court, the court asked defense counsel if there was anything further. Defense counsel replied, "No, your Honor."

{¶ 6} The State then advised the court "[t]he reason * * * this case had to be prosecuted [was] because Aero has a national security clearance. They produce aerospace engineering products * * *." With respect to the Meaden and Moore accounting, the State indicated the "accounting was taken on by Aero * * * so that they could discuss how this case could actually be * * * valuated and evaluated. So that people could understand how much money this information, these prototypes, [and] data involved is actually worth to a company that's on the cutting edge of technology * * *. We find that there are special circumstances in this case which leads the State to allow a plea to a felony of the fifth degree and the victim has also agreed with that."

**{¶ 7}** The trial court then sentenced Lalain to four years of community control sanction and ordered $63,121 as restitution. In determining the loss to Aero, the trial court calculated "the degree of damage done and * * * the accounting * * * necessary to do that." The trial court added $55,456 for Aero's economic loss and $7,665 for the Meaden and Moore accounting to obtain $63,121. The court concluded the hearing by asking defense counsel if "there are any other matters to be referenced on the record." Defense counsel replied, "Nothing further, your Honor."

**{¶ 8}** Lalain now appeals, raising the following three assignments of error for review.

ASSIGNMENT OF ERROR ONE

**"The trial court erred when it ordered restitution in the amount of $63,121 without any basis to conclude that this amount was the 'economic loss' suffered by [Aero] as the direct and proximate result of the theft."**

ASSIGNMENT OF ERROR TWO

**"The trial court erred in failing to hold an adequate restitution hearing when [Lalain] disputed the restitution amount."**

ASSIGNMENT OF ERROR THREE

**"The trial court erred in ordering restitution in an amount greater than $4,999.99 because [Lalain] was only convicted of a fifth degree felony."**

<u>Standard of Review</u>

{¶ 9}  On appeal, we review a lower court's order of restitution for an abuse of discretion.  *State v. Marbury* (1995), 104 Ohio App.3d 179, 661 N.E.2d 271; see, also, *State v. Berman*, Cuyahoga App. No. 79542, 2002-Ohio-1277.  An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

## Restitution Award and Hearing

{¶ 10} In the first assignment of error, Lalain argues the trial court erred when it ordered $63,121 as restitution because the costs Aero claimed were not incurred as a direct and proximate result of the theft.  Rather, he claims that Aero requested reimbursement for money it spent to develop a case against him. In the second assignment of error, Lalain argues the trial court erred by not holding a hearing on the restitution amount.   He claims he objected to the restitution amount set forth in Aero's letter.   In the third assignment of error, Lalain argues the trial court erred when it ordered restitution in an amount greater than $4,999.99 because he pled guilty to a fifth degree felony.

{¶ 11} However, Lalain did not object at his sentencing hearing to the order of restitution or the amount ordered.  Thus, he waived all but plain

error. *State v. Jarrett*, Cuyahoga App. No. 90404, 2008-Ohio-4868, ¶13, citing *Marbury*.

{¶ 12} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.3d 91, 372 N.E.2d 804, paragraph three of the syllabus. For the reasons that follow, we do not find plain error.

{¶ 13} R.C. 2929.18 governs restitution and provides that financial sanctions may include:

> **"Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, * * * and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." Id. at (A)(1).**

{¶ 14} "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and

includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. 'Economic loss' does not include non-economic loss or any punitive or exemplary damages." R.C. 2929.01(L).

{¶ 15} In the instant case, a review of the record reveals that Lalain stated he understood that he could be ordered to pay restitution as part of his sentence. At the sentencing hearing, the trial court asked Lalain's counsel on three occasions if he had any objections or anything to add. Each time, defense counsel replied "no." The trial court then ordered Lalain to pay Aero the exact amount requested in its letter. At no time did Lalain or his counsel object to restitution or dispute the amounts requested by the Aero. At oral argument, Lalain's counsel conceded that he did not place an objection on the record at the sentencing hearing.

{¶ 16} R.C. 2929.18(A)(1) states, "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim or survivor disputes the amount." This court has held that a separate hearing is not required if the defendant or defense counsel fail to "object to restitution or dispute the amounts requested by the victims." *Jarrett* at ¶18. Since Lalain and defense counsel failed to object to restitution or dispute the

amount requested by Aero, the trial court was not required to hold a separate hearing on restitution.

{¶ 17} Furthermore, R.C. 2929.01(L) defines economic loss as any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense. Here, Aero had to complete an accounting to determine value because of the unique nature of the intellectual property involved. In addition, as stated above, Lalain understood as part of his plea agreement that he could be required to pay restitution and failed to dispute the amount. "Finally, justice and sensibility should prevent [Lalain] from prevailing on a error which he invited. By agreeing to the restitution award in exchange for pleading guilty, he received the benefit of his bargain: a reduced charge." *State v. Stewart*, Wyandot App. No. 16-08-11, 2008-Ohio-5823, ¶13 (where the Third District Court of Appeals affirmed the trial court's restitution award to a government agency when such award was made pursuant to an express plea agreement between the State and the defendant). Therefore, the trial court's restitution order of $63,121 was not an abuse of discretion.

{¶ 18} The dissent relies on *State v. Moore-Bennett*, Cuyahoga App. No. 95450, 2011-Ohio-1937, and *State v. Wickline*, Logan App. No. 8-10-20, 2011-Ohio-3004, to support the argument that the trial court did not have the authority to impose any amount of restitution beyond $4,999. Respectfully, our reading

of these cases reveals differences that render their holdings distinguishable from the instant case.

{¶ 19} In *Moore-Bennett*, this court found that "[a] trial court abuses its discretion in ordering restitution in an amount that exceeds the economic loss resulting from the defendant's crime." Id. at ¶18, citing *State v. Rivera*, Cuyahoga App. No. 84379, 2004-Ohio-6648. In *Wickline*, the Third District Court of Appeals found that under the express terms of the plea agreement, the defendant "could not be ordered to pay more restitution than he could have been ordered to pay if he had been convicted of the original offense[,]" which was a fifth degree felony (a theft offense involving property valued at $500 or more, but less than $5,000). Id. at ¶17.

{¶ 20} In the instant case, Lalain agreed to pay restitution as part of his plea agreement in exchange for a reduced charge, and at the restitution hearing, he failed to object to the restitution award. The issue of waiver was neither raised nor discussed in *Moore-Bennett* and *Wickline*.

{¶ 21} Furthermore, the defendant in *Moore-Bennett* proceeded to a jury trial, whereas Lalain entered into a plea agreement. While Lalain did not execute an express plea agreement like the defendant in *Wickline*, under *Wickline's* rationale, the trial court in the instant case did not err because it ordered Lalain to pay restitution in an amount less than if he had been

convicted of the original offense, which was a first degree felony (a theft offense involving property or services valued at $1 million or more).

{¶ 22} Thus, based on the foregoing, we find that the trial court's restitution order did not violate Lalain's substantial rights. Therefore, we do not find plain error.

{¶ 23} Accordingly, the first, second, and third assignments of error are overruled.

Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., CONCURS
SEAN C. GALLAGHER, J., DISSENTS (SEE SEPARATE DISSENTING OPINION)

SEAN C. GALLAGHER, J., DISSENTING:

{¶ 24} I respectfully dissent from the majority decision. I write separately to address concerns about awards of restitution at sentencing where the terms and amounts are unclear at the time of the plea.

{¶ 25} In this instance, we have an initial allegation of theft with a value in excess of $1,000,000. In the end, the plea is to a theft offense with a stated value of more than $500, but less than $5,000. While Lalain indicated that he understood he could be ordered to pay restitution as part of his sentence, no specific amount of restitution was agreed to as part of his plea agreement.

{¶ 26} Ordinarily, the amount of restitution ordered by a trial court must bear a reasonable relationship to the loss suffered and is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. As this court recognized in *State v. Moore-Bennett*, Cuyahoga App. No. 95450, 2011-Ohio-1937, ¶ 18: "R.C. 2929.28(A)(1) requires that when restitution is imposed as part of a criminal sanction for misdemeanor offenses, 'the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.' Ohio courts have recognized that the amount of restitution ordered by a trial court must bear a reasonable relationship to the loss suffered and is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. A trial court abuses its discretion in ordering restitution in an amount that exceeds the economic loss resulting from

the defendant's crime. An appellate court may modify a sentence when it finds by clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2)." (Internal citations omitted.) See, also, *State v. Rivera*, Cuyahoga App. No. 84379, 2004-Ohio-6648.

{¶ 27} It has been recognized that nothing in R.C. 2929.18(A)(1) prohibits an award of restitution greater than the maximum associated with the degree of offense when the defendant has agreed to pay more as part of a plea agreement. *State v. Wickline*, Logan App. No. 8-10-20, 2011-Ohio-3004, ¶ 14-15. However, as was the case in *Wickline*, the defendant herein never agreed to pay restitution in an amount exceeding the value for the offense of which he was convicted. Therefore, the trial court had no authority to impose any amount of restitution beyond $4,999. See id. at ¶ 17.

{¶ 28} I also note that the figure of $63,121 appears for the first time on the date of sentencing or shortly before in a letter, dated September 21, 2010, from a representative of the victim. This letter does not contain a detailed accounting of these costs. The appellant at the hearing raised concerns that these were actually costs related to civil litigation the victim was pursuing against appellant contemporaneous with the criminal proceedings.

{¶ 29} While it is not always possible to know of, or address all economic losses at the time of a plea or finding of guilt, it is the better practice to put a figure of restitution on the record and afford the parties an opportunity to address the merits of the figures at sentencing in a meaningful way. Too often, restitution is treated as an afterthought. In my view, the

specific figures from the September 21, 2010 letter should have been available and incorporated into the plea agreement to avoid surprise or conflicts over what is expected in terms of making the victim whole.

{¶ 30} In any event, because Lalain did not specifically agree to pay any amount of restitution greater than the value for the offense of which he was convicted, I would reduce the restitution order to $4,999.