[Cite as *State v. Plants*, 2014-Ohio-5293.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101552**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LAURA LYNN PLANTS**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-580360-A

**BEFORE:** S. Gallagher, P.J., Keough, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**ATTORNEY FOR APPELLANT**

John H. Lawson
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH   44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Yosef M. Hochheiser
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Laura Lynn Plants appeals the trial court's imposition of restitution for the amount the victims spent on installing a home security system in violation of R.C. 2929.301(L). For the following reasons, we reverse the trial court's imposition of restitution and remand for further proceedings.

**{¶2}** Plants was convicted of attempted arson, a felony of the third degree, following a guilty plea. She threw a defective Molotov cocktail at her brother and sister-in-law's home. The only damage to the house was a damaged window, which cost $700.42 to repair. The victims installed a security system, costing $3,424, as a result of the attempted arson.

**{¶3}** The trial court accepted the plea and sentenced Plants to two years of community control and ordered her to pay restitution to the victims for both the damaged window replacement and the cost of the security installation, for a total amount of $4,124.42. Plants appealed, arguing that the cost to install the security system was not an economic loss as defined by R.C. 2929.01(L) and, therefore, could not be part of the restitution order. The state concedes the error.

**{¶4}** We agree. R.C. 2929.18(A)(1) authorizes a trial court to impose restitution to the victim of the offender's crime in an amount based on the victim's economic loss, which is in turn defined as any economic detriment suffered as a direct and proximate result of the commission of the crime. R.C. 2929.01(L). "A trial court abuses its discretion in ordering restitution in an amount that exceeds the economic loss resulting from the defendant's crime." *State v. Moore-Bennett*, 8th Dist. Cuyahoga No. 95450, 2011-Ohio-1937, ¶ 18, citing *State v. Rivera*, 8th Dist. Cuyahoga No. 84379, 2004-Ohio-6648, ¶ 12. Further, consequential costs are not

included as economic losses. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 25.

**{¶5}** In this case, the stated reason the victims installed the security system was to deter future crime by Plants. The cost to install, therefore, was a consequential cost and not an economic cost as defined by statute. The trial court's imposition of restitution based on the cost to install the security system was error. We reverse the trial court's imposition of restitution for the security system and remand for the purpose of properly imposing restitution in the amount of $700.42 for the window damage only.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR