[Cite as *Zanesville v. Quinn*, 2018-Ohio-429.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF ZANESVILLE | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RYAN QUINN | : | Case No. CT2017-0033 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Zanesville Municipal Court, Case No. 17 CRB 00267

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      January 31, 2018

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

DAVID J. TARBERT      ERIC J. ALLEN
EMILY STRANG TARBERT      The Law Office of Eric J. Allen, Ltd.
SCOTT D. EICKELBERGER      4605 Morse Rd., Suite 201
City of Zanesville      Gahanna, Ohio 43230
Law Director's Office
401 Market Street, Suite 209
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1} Defendant-appellant Ryan Quinn appeals from May 16, 2017 Entry of the Zanesville Municipal Court. Plaintiff-appellee is the City of Zanesville.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 2, 2017, the Zanesville Police Department responded to a call that appellant had vandalized a vehicle owned by Adriane Johnson and had assaulted Allen Henderson. The vehicle was a 2003 Chevy Trailblazer with approximately 220,200 miles. Appellant was charged with criminal damaging, a misdemeanor of the second degree, and assault, a misdemeanor of the first degree. At his arraignment, appellant entered plea of not guilty to the charges.

{¶3} Appellant, on April 11, 2017, entered a plea of no contest to the charge of criminal damaging and was found guilty by the trial court. At appellee's request, the remaining charge was dismissed. At the April 11, 2017 hearing, appellant admitted to keying Johnson's vehicle, but claimed that he did not cause any other damage to the same. The trial court deferred sentencing until it could obtain more information about the damage for purposes of restitution.

{¶4} At the May 6, 2017 hearing, the Assistant City Law Director for the City of Zanesville stated that the amount of restitution requested was $1,761.00, which was the Kelley Blue Book value of Johnson's vehicle. Johnson testified that appellant had busted out her taillight and caused deep scratches to her vehicle. She testified that the front of the car had "some imperfections and scratches". Transcript from May 6, 2017 hearing at 7. When asked by the trial court, Johnson testified that prior to the evening in question, her vehicle did not have any damage. Johnson further testified that the next day, she

took her vehicle to Maysville Muffler and that the estimate to have the Trailblazer repaired was approximately $3,370.55. Because the value of her vehicle was less that it cost to repair it, Johnson obtained a Kelley Blue Book value for her vehicle that indicated that the value was $1,761.00. At the request of the Assistant City Law Director, Johnson took her vehicle into Southside Collision for a second repair estimate. She testified that the second estimate was for $5,877.28. Photographs of the damage were introduced as exhibits as were the two estimates and the Kelley Blue Book value.

{¶5} At the hearing, appellant admitted to keying Johnson's vehicle on the passenger side, but denied that he caused any other damage and objected to paying restitution other than for the repair to the passenger door. He testified that he did not notice any other damage to the vehicle when he was keying the passenger side door. The following testimony was adduced on cross-examination:

{¶6} Q: So your defense here today is that because they only confronted you with the keying, that's obviously all you did?

{¶7} A: That is all I did.

{¶8} Q: What did you notice was damaged on her vehicle when you were keying the passenger's side? What else did you notice?

{¶9} A: None.

{¶10} Q: No damage?

{¶11} A: No.

{¶12} Q: Okay. So even your own testimony indicates that there was no damage to the vehicle prior to your keying the door?

{¶13} A: No, ma'am.

{¶14} Transcript from May 6, 2017 hearing at 26.  Appellant claimed that Johnson had gone out after he left and keyed her own vehicle.

{¶15} The trial court, at the conclusion of the hearing, indicated that it did not find appellant's testimony credible and awarded Johnson restitution in the amount of $1,761.00, the Kelley Blue Book value of the vehicle. As memorialized in an Entry filed on May 16, 2017, the trial court fined appellant $200.00 and ordered him to serve 45 days in jail with 30 days suspended. The trial court also ordered appellant to pay restitution in the amount of $1,761.00.

{¶16} Appellant now raises the following assignment of error on appeal:

{¶17} I. THE TRIAL COURT ERRED IN ORDERING RESTITUTION NOT RELATED TO THE VICTIM'S ECONOMIC LOSS AND NOT SUPPORTED BY COMPETENT AND CREDIBLE EVIDENCE AND NOT IN AN AMOUNT DETERMINED TO A REASONABLE DEGREE OF CERTAINTY.

I

{¶18} Appellant, in his sole assignment of error, challenges the amount of restitution ordered by the trial court.

{¶19} R.C. 2929.28 governs financial sanctions for misdemeanors. Such section states, in relevant part,  as follows:

(A) In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial

sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13, restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. The court may not impose restitution as a sanction pursuant to this division if the offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13. If the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation department that serves the jurisdiction or the clerk of the court on behalf of the victim.

If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the

victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

**{¶20}** We review a trial court's restitution order for an abuse of discretion. *State v. Jones*, 10th Dist. No. 14AP-80, 2014-Ohio-3740, 2014 WL 4245959, ¶ 22, citing *State v. Norman*, 2013-Ohio-1908, 992 N.E.2d 432, ¶ 67. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). " 'A trial court abuses its discretion when it orders restitution in an amount that has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense.' " *Jones* at ¶ 22, quoting *State v. Aliane*, 10th Dist. No. 03AP-840, 2004-Ohio-3730, 2004 WL 1576407, ¶ 15. *See also State v. Moore–Bennett*, 8th Dist. No. 95450, 2011-Ohio-1937, 2011 WL 1584497, ¶ 18.

**{¶21}** Contrary to appellee's assertion, we find that appellant did object to the restitution order. We must thus determine whether the trial court abused its discretion in ordering appellant to pay restitution in the amount of $1,761.00 to Johnson.

**{¶22}** In the case sub judice, the trial court declined to award Johnson the amount indicated in either of the two repair estimates that she obtained on the basis that the estimates far exceeded the value of her vehicle. At the hearing, there was testimony that the Kelley Blue Book value of the vehicle was $1,761.00. The Kelley Blue Book value, which was admitted as an exhibit, indicated that the value of a 2003 Chevy Trailblazer with approximately 220,000 mile was $1,761.00. We find that the trial court's decision, therefore, was not arbitrary, unconscionable or unreasonable. While appellant, at the

hearing, admitted only to keying Johnson's vehicle on the passenger side, as noted by appellee, he further agreed that, at the time he keyed her vehicle, there was no damage to the vehicle. Moreover, the trial court clearly stated on the record that it did not find appellant's testimony credible and that the cost of repairing the vehicle, including painting and clear coating, fair exceeded the value of the same.

**{¶23}** Based on the foregoing, appellant's sole assignment of error is overruled.

**{¶24}** Accordingly, the judgment of the Zanesville Municipal Court is affirmed.

By: Baldwin, J.

John Wise, P.J. and

Hoffman, J. concur.