[Cite as *State v. Poythress*, 2024-Ohio-2911.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND,                          :

    Plaintiff-Appellee,          :

                               No. 113482

    v.                                     :

MARKEETA POYTHRESS,                      :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 1, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2022-TRD-018340

---

*Appearances:*

Mark Griffin, Cleveland Director of Law, Aqueela Jordan, Chief Prosecutor, and Kevin Burns, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Markeeta Poythress, appeals from the trial court's judgment ordering her to pay restitution to the owner of the car she rear-ended. For the reasons that follow, we affirm.

## I. Background

{¶ 2} On April 27, 2021, Poythress rear-ended the victim's car. Poythress and the victim stepped out of their cars and observed the damage to the victim's car. The victim handed his driver's license and insurance card to Poythress and told her that he needed the same information from her. Poythress told the victim that she would get the information from her car, walked back to her car, got in, and drove away from the scene. Poythress did not have insurance on her vehicle at the time of the accident.

{¶ 3} On September 26, 2022, the City of Cleveland charged Poythress with violation of Cleveland Cod.Ord. 435.15 for her failure to remain on the scene after an accident and provide her name, address, and the registered vehicle number of her vehicle to the victim. A violation of Cleveland Cod.Ord. 435.15 is a first-degree misdemeanor with a six-point penalty applied to the offender's driver's license.

{¶ 4} Poythress entered a not guilty plea, and the public defender's office represented her throughout the proceedings. The trial court held numerous pretrials in the matter because discovery was ongoing. At a pretrial on May 17, 2023, defense counsel told the judge the parties would get the case "resolved sooner than later" but asked for another pretrial, stating that the victim had filed a claim with his insurance company and that defense counsel had been in communication with the victim's insurance company and was "just getting some paperwork to verify some things there." (Tr. 3.)

{¶ 5} At the next pretrial, on May 31, 2023, the prosecutor informed the court that in exchange for a plea of guilty, the city would amend the charged offense to a violation of Cleveland Cod.Ord. 435.16(a)(1), a first-degree misdemeanor, and that restitution would be part of the plea agreement. (Tr. 4.) Defense counsel again told the court that the parties would "probably get it resolved soon," *id.*, but that counsel wanted to confirm that the victim's insurance company had denied the claim submitted by the victim. Upon questioning by the judge, the victim informed the court that his insurance company had denied his claim for $2,997, the amount he incurred to fix the damages to his car. When the court asked, "[W]ell, when we say get it resolved, is the victim going to be made whole?" defense counsel responded: "[W]ell, I just want to make sure that they're denying — that they're not going to pay anything out here. Just basically I don't want an issue where [the victim] is recovering twice." (Tr. 6.) The court noted that there was an offer for Poythress to plead to a reduced charge but that "there's no assurance that [the victim's] going to be made whole." *Id.* The court again questioned the victim, who confirmed that his insurance company was not going to pay the claim. In response, defense counsel stated: "[I]f that's the case, I say then restitution. I just want to cross all my T's, dot all my I's. I have had — like I said, I'm not accusing [the victim] of anything." (Tr. 7.) The court set the matter for another pretrial.

{¶ 6} On June 27, 2023, at the next pretrial, defense counsel informed the court that the parties had reached a resolution on the case and wanted to set the matter for sentencing and a restitution hearing after Poythress entered her plea. (Tr.

4.)  The prosecutor then explained that under the plea agreement, Poythress would plead guilty to a violation of Cleveland Cod.Ord. 435.16, colloquially known as a "hit/skip," which prohibits a driver in the case of an accident or collision that results in damage to another's person or vehicle from leaving the scene without providing their name, address, vehicle registration number, and driver's license information to the injured party.  A violation of Cleveland Cod.Ord. 435.16 is a first-degree misdemeanor but only two points are applied to the offender's license as a result of the offense.  The trial court accepted Poythress's plea to the reduced charge and confirmed with her that she understood that the matter would be set for sentencing and a restitution hearing.  (Tr. 10.)

{¶ 7}  Despite defense counsel's representation to the court before Poythress entered her plea that Poythress would pay restitution to the victim because the victim's insurance company had denied his claim, and Poythress's acknowledgement at the plea hearing that the specific amount of restitution she would pay would be determined at a later restitution hearing, five days after the plea hearing, defense counsel filed a motion to deny restitution.  In the motion and at the hearing regarding the motion, defense counsel argued that restitution can only be imposed for economic loss suffered as a direct and proximate result of the commission of the offense for which the defendant was convicted and that Poythress did not cause any economic loss to the victim as a result of the commission of the hit/skip offense to which she pleaded guilty because any damages to the victim's car were caused before she left the scene of the accident.  The city opposed the motion.

**{¶ 8}** The trial court denied the motion, stating:

> The hit/skip ordinance, Cleveland Codified Ordinances 435.16(a)(1) states, "In case of accident or collision resulting in injury or damage to persons or property." It is the court's opinion that based on the ordinance's language, the "hit" is a crucial element of the hit/skip which allegedly occurred in this case and is therefore the direct and proximate cause of the victim's damages. Therefore a restitution hearing shall be scheduled to determine the amount of damages.

At the subsequent restitution hearing, the victim submitted proof of the damages he incurred to repair his vehicle after Poythress rear-ended it, and the court ordered Poythress to pay $2,997 in restitution.[1] The court sentenced Poythress to one year of probation, a $1,000 fine with $500 suspended, and the payment of court costs. This appeal followed.

## II.  Law and Analysis

**{¶ 9}** In her single assignment of error, Poythress argues that the trial court unlawfully ordered her to pay restitution for damages that were not the result of her offense because any damages to the victim's car had already occurred before she committed the offense, i.e., before she left the scene of the accident she caused without providing the required information to the victim.

**{¶ 10}** We review misdemeanor restitution orders for an abuse of discretion. *Cleveland v. Figueroa*, 2022-Ohio-4012, ¶ 8 (8th Dist.). An abuse of discretion is an "unreasonable, arbitrary, or unconscionable use of discretion." *State v. Kirkland*,

---

[1] At the hearing, the court said it intended to order that Poythress pay $3,000 in restitution, but its journal entry of sentencing ordered that she pay $2,997, the amount of damages substantiated by the repair receipt the victim provided to the court. Poythress raises no challenge to this discrepancy.

2014-Ohio-1966, ¶ 67. An abuse of discretion includes a ruling that lacks a sound reasoning process. *State v. Morris*, 2012-Ohio-2407, ¶ 14. With respect to restitution, "[a] trial court abuses its discretion by ordering restitution in an amount that does not bear a reasonable relationship to the actual loss suffered." *In re A.B.*, 2021-Ohio-4273, ¶ 8 (1st Dist.), citing *In re M.N.*, 2017-Ohio-7302, ¶ 8 (1st Dist.). "In addition, a court abuses its discretion if the award of restitution is not supported by competent, credible evidence in the record from which the court can discern the amount of restitution to a reasonable degree of certainty." *State v. Caldwell*, 2023-Ohio-355, ¶ 14 (4th Dist.).

{¶ 11} As an initial matter, we note that although the specific amount of restitution to be paid was not specified in the plea agreement, Poythress agreed to pay restitution as part of her plea to the reduced charge. Thus, we find Poythress's motion to deny restitution, which was filed in the trial court almost immediately after her guilty plea, and her assertion on appeal that the trial court erred in ordering restitution, to be wholly disingenuous. We are cognizant, however, that a defendant cannot plead to an illegal sentence, *State v. Underwood*, 2010-Ohio-1, ¶ 16, and thus we consider Poythress's argument that the trial court's restitution order was unlawful.

{¶ 12} We begin with R.C. 2929.28, the statute governing financial sanctions and restitution for misdemeanor offenses. The statute limits restitution in such cases to "the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.28(A)(1). Poythress

contends that an injury cannot be caused by a later event and, citing Black's Law Dictionary, notes that "proximate cause" is "[a] cause that directly produces an event and without which the event would not have occurred," or otherwise "result[s] in a consequence." *Black's Law Dictionary* (11th Ed. 2019). Thus, she asserts that leaving the scene of an accident cannot be the proximate cause of any losses already incurred at the time of departure and, accordingly, the trial court erred in ordering her to pay restitution for the damages to the victim's car incurred before she left the scene of the accident.

{¶ 13} Elaborating on her argument, Poythress contends that "[a] sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted." *State v. Labghaly*, 2007-Ohio-73, ¶ 13 (8th Dist.). *See also State v. Rivera,* 2004-Ohio-6648, ¶ 12 (8th Dist.) ("Thus, restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced."). She contends she was convicted only of leaving the scene of an accident and, therefore, because the preceding accident was not the illegal conduct of which she was convicted, it cannot be the proximate cause of the victim's damages, as the trial court found.

{¶ 14} Poythress cites *Columbus v. Cardwell*, 2008-Ohio-1725 (10th Dist.), as support for her argument. In *Cardwell*, the defendant was found guilty of the misdemeanor offenses of failing to maintain an assured clear distance and of failing to stop after an accident. Among other penalties, the trial court ordered her to pay restitution. On appeal, Cardwell made the same argument that Poythress makes

here — that the trial court erred in ordering restitution on the charge of leaving the scene of an accident because the accident victim's loss was not a direct and proximate result of the commission of the offense, as required by R.C. 2929.28(A)(1).

{¶ 15} The appellate court agreed, finding that

> [j]ust because there must be an accident or collision before a hit-skip violation can occur, does not establish that the property damage resulted from the hit-skip violation. . . . [T[he property damage from the collision existed regardless of whether the appellant subsequently left the scene of the accident. Therefore the property damage could not have been a direct and proximate result of the hit-skip violation.

*Id.* at ¶ 13.

{¶ 16} Poythress fails to mention, however, that in *Columbus v. Wood*, 2016-Ohio-3081 (10th Dist.), the Tenth District found that Columbus Traffic Code 2135.12, regarding leaving the scene of an accident, was amended after the *Cardwell* decision and now provides that if the defendant convicted of leaving the scene of an accident fails to provide proof of financial responsibility to the court, the court may impose restitution pursuant to R.C. 2928.28 "for any economic loss arising from an accident or collision *that was the direct and proximate result of the offender's operation of the vehicle before, during, or after committing the offense for which the offender is sentenced under this section.*" (Emphasis in original.) *Id.* at ¶ 9, quoting Columbus Traffic Code 2135.12(b)(1). The *Cardwell* Court found that the trial court had not determined before ordering restitution that the damage to the victim's vehicle was a direct and proximate result of the defendant's operation of his

vehicle. Accordingly, it reversed the trial court's judgment and remanded the matter with instructions for the court to consider whether the accident or collision for which it found economic loss was the direct and proximate result of the defendant's operation of his vehicle. *Id.* at ¶ 12.

{¶ 17} Cleveland Cod.Ord. 435.16(b)(2) similarly provides that if a defendant convicted of violating Cleveland Cod.Ord. 435.16(a)(1) — the offense to which Poythress pleaded guilty — fails to provide the court with evidence of financial responsibility, the trial court may order restitution pursuant to R.C. 2929.28 in an amount not exceeding $5,000 "for any economic loss arising from an accident or collision that was the direct and proximate result of the offender's operation of the motor vehicle before, during, or after committing the offense charged under this section."[2]

{¶ 18} The trial court denied Poythress's motion to deny restitution because it found that an accident or collision is a "crucial element" of a violation of Cleveland Cod.Ord. 435.16(a)(1) and that Poythress's rear-ending the victim's car was the direct and proximate cause of his damages. We agree that an accident or collision is an element of a violation of Cleveland Cod.Ord. 435.16(a)(1).[3] The accident or

---

[2] Although the ordinance is inartfully drafted, we read it as allowing restitution for economic loss caused by the offender's operation of their vehicle and incurred by the victim either before, while, or after the offender committed the offense.

[3] The ordinance states that *"[i]n case of accident or collision resulting in injury or damage to persons or property* . . . due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, shall stop, and upon request of the person injured or damaged . . . shall give that person the driver's or operator's name and address . . . together with the

collision itself, however, is insufficient to allow the court to order restitution. Rather, under the ordinance, the court must determine whether the defendant's operation of their vehicle was the direct and proximate cause of the victim's economic loss.

{¶ 19} Poythress contends that Cleveland's ordinance is at odds with R.C. 2929.28(A)(1) because R.C. 2929.28(A)(1) limits restitution to those losses that were "a direct and proximate result of the commission of the offense" and leaving the scene of an accident cannot be the proximate cause of losses already incurred before the time of departure. Poythress fails to appreciate, however, that as the trial court found, the "hit" of a "hit/skip" offense is an essential element of the offense of leaving the scene of an accident. There can be no offense of leaving the scene of an accident without a precipitating accident or collision. Indeed, the colloquial identification for a violation of the ordinance as a "hit/skip" makes this clear. Poythress would have us simply read this element of the offense out of the ordinance.

{¶ 20} Furthermore, Poythress fails to recognize that a defendant can cause economic losses to a victim *while* the defendant is leaving the scene of an accident if, for example, the defendant hits the victim or their car while the defendant is driving away from the accident scene, even if the defendant did not cause the initial accident. Fleeing the scene of an accident can also cause economic loss to the victim

registered number of that motor vehicle, and, if available, exhibit the driver's . . . license." (Emphasis added.)

*after* the offender leaves the scene. For example, if a driver fails to stop after an accident and provide the required information, the injured party may have to pay their medical expenses and car repair costs out-of-pocket. And even if they ultimately recover from their own insurance company, they may have to pay a deductible or higher premiums in the future. Accordingly, contrary to Poythress's argument, not all of a victim's losses resulting from the defendant's offense of leaving the scene of an accident are necessarily incurred before the defendant leaves the scene.

{¶ 21} Just like Cleveland Cod.Ord. 435.16(b)(2), R.C. 4549.02, the State of Ohio's statute regarding stopping after an accident and exchanging identity and vehicle registration information, provides that if the offender fails to provide proof of financial responsibility to the court, the court may, in addition to any other penalties imposed by law, order restitution pursuant to R.C. 2929.28 in an amount not exceeding $5,000 "for any economic loss arising from an accident or collision that was the direct and proximate result of the offender's operation of the motor vehicle before, during, and after the commission of the offense charged under this section." Both the ordinance and state law authorize payment of restitution pursuant to R.C. 2929.28. Accordingly, we find Poythress's equal protection argument — that hit/skip offenders paying restitution will be treated differently under Cleveland's hit/skip ordinance as opposed to localities that simply apply the state law — to be without merit.

**{¶ 22}** It is undisputed that Poythress rear-ended the victim's car, causing the damages to his vehicle. The trial court ordered Poythress to pay restitution of $2,997 to the victim after determining, consistent with Cleveland Cod.Ord. 435.16 and R.C. 2929.28, that Poythress's operation of her vehicle in rear-ending the victim's car before leaving the scene of the accident was the direct and proximate cause of the victim's economic loss. Accordingly, the trial court did not unlawfully order Poythress to pay restitution, and the assignment of error is overruled.

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR