The STATE of Ohio, Appellee,

v.

BOUNDS, Appellant.

[Cite as *State v. Bounds* (1995), 107 Ohio App.3d 700.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69033.

Decided Dec. 11, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Paul Myles,* Assistant Prosecuting Attorney, for appellee.

*Patrick E. Talty,* for appellant.

---

*Per Curiam.*

Defendant-appellant John Bounds appeals from his guilty plea convictions for obstructing justice, tampering with evidence, falsification, forgery, uttering and possession of criminal tools. The court ordered forfeiture of $1,115 in currency.

Defendant was indicted on the six charges in the trial court on March 16, 1995, arising out of a bizarre scheme. Defendant appeared in open court as an impostor for someone by the name of John Carroll in another criminal case and entered a guilty plea to a felony charge in that case pursuant to a plea bargain. The authorities subsequently discovered during booking that defendant was not John Carroll as he purported to be and charged defendant with the following offenses: (1) obstructing justice by communicating false information to undermine the prosecution of John Carroll in violation of R.C. 2921.32; (2) tampering with evidence by presenting a false document to mislead public officials in connection with an official proceeding in violation of R.C. 2921.12; (3) falsification by making an untrue statement to mislead a public official performing an official function in violation of R.C. 2921.13; (4) forging the signature of John Carroll on a fingerprint card to defraud the sheriff in violation of R.C. 2913.31; (5) uttering the same forged fingerprint card to the sheriff in violation of R.C. 2913.31; and (6) possession of criminal tools (driver's license, business card, and money) in violation of R.C. 2923.24. The prosecution filed a petition for forfeiture of the $1,115 the same day.

Defendant was appointed counsel and initially entered a plea of not guilty. Defendant subsequently withdrew his not guilty plea and entered a guilty plea to all six charges during a hearing on March 31, 1995. The trial court informed defendant that sentences could be imposed consecutively on the six charges prior to accepting his guilty pleas. The trial court journalized defendant's guilty pleas and referred the matter to the probation department for a presentence report.

Another trial judge conducted the sentencing and forfeiture hearings eight days later. The presentence report indicated that defendant had two prior convictions in addition to the six offenses in this case. The prosecution reported that defendant refused to locate the real John Carroll or the Missouri attorney who helped arrange the bogus guilty plea. The trial court sentenced defendant to the following consecutive terms, for a total of eight years, on his five felony convictions: (1) one and one-half years for obstructing justice; (2) two years for

tampering with evidence; (3) one and one-half years for forgery; (4) one and one-half years for uttering; and (5) one and one-half years for possession of criminal tools. The trial court's April 24, 1995 journal entry also imposed a six-month concurrent sentence for defendant's misdemeanor conviction for falsification.

Defendant thereafter filed a motion for reconsideration and modification of sentence on the grounds that his five felony convictions constituted allied offenses which should be merged for purposes of sentencing. In an order journalized May 3, 1993, the trial court denied defendant's motion for reconsideration. Defendant timely appeals, raising two assignments of error.

Defendant's first assignment of error follows:

"The trial court erred in sentencing defendant-appellant to maximum consecutive sentences where his conduct can be construed as constituting allied offenses of similar import."

Defendant's first assignment of error is well taken in part.

Defendant argues generally that his five felony convictions constitute allied offenses for purposes of sentencing. Defendant does not delineate which particular offense duplicates any other particular offense, but merely argues that the five offenses were committed to further one scheme on the same day. Defendant argues that all his crimes involved misleading the court, but ignores that some of his crimes were directed against the Cuyahoga County Sheriff.

The Ohio Supreme Court has established a two-step test to determine whether multiple convictions constitute allied offenses. *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, syllabus. First, the elements of each offense must be compared to determine whether the commission of one offense automatically results in the commission of the other because the two offenses share the same elements. If the offenses satisfy this first requirement, the court must proceed with the second step to determine whether the allied offenses were committed separately or with a separate animus so that defendant can be sentenced on each of the offenses.

As noted above, defendant was charged with the following five felony offenses:

1. Obstructing justice in violation of R.C. 2921.32(A)(5), which states as follows:

"No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, shall do any of the following:

" * * *

"(5) Communicate false information to any person."

2. Tampering with evidence in violation of R.C. 2921.12(A)(2), which states as follows:

"No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:

" * * *

"(2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation."

3. Forgery in violation of R.C. 2913.31(A)(2), which states as follows:

"No person, with purpose to defraud, or knowing that he is facilitating a fraud, shall do any of the following:

" * * *

"(2) Forge any writing so that it purports to be genuine when it is actually spurious * * *."

4. Uttering in violation of R.C. 2913.31(A)(3), which states as follows:

"No person, with purpose to defraud, or knowing that he is facilitating a fraud, shall do any of the following:

" * * *

"(3) Utter, or possess with purpose to utter, any writing which he knows to have been forged."

5. Possession of criminal tools in violation of R.C. 2923.24(A), which states as follows:

"No person shall possess or have under his control any substance, device, instrument or article, with purpose to use it criminally."

An examination of these offenses based on the limited record in this case reveals that, with one exception, the offenses are sufficiently distinct from each other so that the commission of one offense does not necessarily result in the commission of any other offense.

## Common Elements

Obstruction of justice by making a false communication under R.C. 2921.32(A)(5) does not overlap with the offense of tampering with evidence by creating false physical evidence under R.C. 2921.12(A)(2). Both provisions proscribe offenses against the administration of justice; however, the two provisions regulate different means. Making a false communication to enable an offender to escape justice or to enjoy the fruits of a crime under R.C.

2921.32(A)(5) does not share common elements with the crime of creating false physical evidence to mislead or corrupt an official proceeding or investigation under R.C. 2921.12(A)(2).

■ Tampering with evidence under R.C. 2921.12(A)(2) and forgery under R.C. 2913.31(A)(2) likewise do not contain the same elements such that committing one necessarily results in commission of the other. The two offenses may share common elements of creating false writings to obtain by deception a benefit for another person. However, tampering with evidence requires falsifying the contents of a writing with knowledge that it will be used as evidence, whereas forgery applies to any false authenticating of a writing, regardless of whether the offenders knows when he is forging the writing that the document may become evidence.[1]

■ However, the offenses of forgery under R.C. 2913.31(A)(2) and uttering under R.C. 2913.31(A)(3) may satisfy the first test by sharing common elements so that the commission of one necessarily results in commission of the other. Forgery proscribes the creation of false writings, whereas uttering generally proscribes the subsequent transfer of such writings. *State v. Hunter* (1983), 12 Ohio App.3d 75, 77–78, 12 OBR 273, 275–277, 466 N.E.2d 183, 186–187. By forging a document the offender does not necessarily transfer or utter the document. Conversely, by transferring or uttering a forged document, the offender does not create, and need not have created, the forged document. However, the two offenses overlap when the offender forges the document and either simultaneously transfers the same document or merely possesses the same document with purpose to utter it. *Id.*

■ Finally, the offenses of uttering under R.C. 2913.31(A)(3) and possession of criminal tools under R.C. 2923.24 may likewise share common elements so that committing one necessarily results in committing the other. Uttering generally prohibits the transfer of forged writings to defraud others, whereas possession of criminal tools prohibits the possession of any object for criminal purposes. The two offenses do not overlap if the object is not a writing or a writing is possessed for some purpose other than to defraud. However, the two offenses duplicate each other when they involve possessing a forged writing with purpose to transfer it to defraud another.

---

1. We note that even if these two offenses contain identical elements as defendant argues, the record does not indicate that the two offenses were committed against the same victim, at the same time, with the same animus to satisfy the second requirement.

## Separate Commission or Animus

■ The record demonstrates that the charges against defendant for forgery under R.C. 2913.31(A)(2) and uttering under R.C. 2913.31(A)(3) stem from his creation and delivery of a false fingerprint card to the sheriff, under the name of "John Carroll," when he was booked following his guilty plea in the prior criminal case. Under the circumstances, the forgery and uttering of the fingerprint card was apparently simultaneous and committed to further the same motive. Accordingly, these two offenses constitute allied offenses of similar import and defendant should not have been sentenced for both offenses.

■ Defendant's contention that uttering under R.C. 2913.31(A)(3) and possession of criminal tools under R.C. 2923.24 constitute the same offense lacks merit. Defendant's uttering of the forged fingerprint card did not arise out the same conduct as his possession of John Carroll's driver's license, business card and $1,115 with purpose to use them criminally. As a result, the two offense were committed separately even if done to further the same criminal purpose. Accordingly, defendant has failed to show that his uttering and possession of criminal tools convictions constitute allied offenses of similar import for purposes of sentencing.

Accordingly, defendant's first assignment of error is well taken in part and overruled in part. Defendant should not have been sentenced to one and one-half-year terms of imprisonment on both his forgery and uttering convictions. However, defendant has failed to show any error concerning the remainder of his sentence. As a result, the trial court's sentence is hereby corrected to eliminate one and one-half years of the sentence, and the remaining sentence of six and one-half years is affirmed.

Defendant's second assignment of error follows:

"The trial court abused its authority in ordering the forfeiture of $1,115.00 which is the property of defendant-appellant in addition to the sentence imposed."

Defendant's second assignment of error lacks merit.

■ Defendant argues that the trial court improperly ordered the forfeiture of the $1,115 in currency obtained from him at the time of his arrest. Defendant argues that the prosecution failed to present any evidence during the forfeiture hearing to establish that the money was contraband subject to forfeiture.

The record demonstrates that the prosecution filed a petition for forfeiture of the $1,115 in currency obtained from defendant at the time of his arrest on the day of his indictment. Defendant initially sought to raise the forfeiture issue during his guilty plea, but the trial court stated that a hearing would be conducted at the time of sentencing. The trial court conducted a brief forfeiture

hearing following sentencing on April 18, 1995. The prosecution requested the forfeiture on the grounds that defendant possessed the $1,115 in currency to pay any fine imposed in the criminal case for which he acted as an impostor.

■ Defendant does not dispute that he pleaded guilty to possessing John Carroll's driver's license and business card, and the $1,115 currency, as criminal tools in violation of R.C. 2923.24 in this case. In fact, the record demonstrates that the trial court's April 10, 1995 entry journalizing defendant's guilty plea conviction for possessing this money as a criminal tool was before the court at the forfeiture hearing. This journal entry was admissible as substantive evidence. See Evid.R. 410; *State v. Mapes* (1985), 19 Ohio St.3d 108, 110–112, 19 OBR 318, 319–321, 484 N.E.2d 140, 142–144. As a result, the record sufficiently establishes, by a preponderance of the evidence, that the currency seized was contraband because of its use by defendant in criminal activity. Contrary to defendant's argument, the trial court was not required to accept as true defense counsel's statements to the contrary.

Accordingly, defendant's second assignment of error is overruled.

The judgment of the trial court is hereby affirmed in part and reversed in part.

*Judgment accordingly.*

PATTON, C.J., SPELLACY and KARPINSKI, JJ., concur.