[Cite as *State v. McRae*, 2011-Ohio-6157.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96253**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAMON MCRAE

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534720

**BEFORE:** Sweeney, J., Kilbane, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** December 1, 2011

**ATTORNEY FOR APPELLANT**

Eric M. Levy, Esq.
55 Public Square, Suite 1600
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Kristin Karkutt, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1} Defendant-appellant Ramon McRae appeals his convictions for drug possession in violation of R.C. 2925.11(A), in an amount exceeding one gram but less than five grams (a felony of the fourth degree R.C. 2925.11(A)(c)(4)(b)); and criminal damaging in violation of R.C. 2909.06(A)(1) (a misdemeanor of the second degree R.C. 2909.06(B)).

{¶ 2} Defendant urges reversal of his convictions on the following grounds: the alleged ineffectiveness of his trial counsel; that his convictions were based on insufficient evidence or were against the manifest weight of the evidence; and that the trial court did not rule on his pretrial motion to dismiss. Defendant additionally asserts that the record does not support the trial court's restitution order and that the trial court failed to properly

journalize the jury's verdict. For the reasons that follow, we reverse the order of restitution but otherwise affirm.

{¶ 3} On February 28, 2010, Ms. Jones ("Jones") was working at the Family Dollar Store in Warrensville Heights on Emery Road. Jones testified that after the store closed, a man was at the door. She and a store clerk spoke to the man through the locked door and advised him the store was closed. The man then cracked the store door by banging on it and left. Jones noticed the man was wearing a red hat and black coat and told police he had gone to the gas station across the street.

{¶ 4} The police broadcast a description of the man's attire and his suspected location at the gas station. Officer Scherrer was around the corner from the gas station and pulled into it. He saw a man matching the description walking through the gas station parking lot coming from the direction of the Family Dollar Store. He stopped the man, who was identified as defendant. Officer Scherrer did a cursory pat-down for weapons and did not detect any. He was not searching for evidence but was only doing a protective pat-down for his safety. Defendant was not under arrest at that point. Officer Scherrer drove defendant back across the street to the Family Dollar Store, where he says Jones came outside and positively identified defendant as the person who damaged the store door. At trial, Jones confirmed she had identified someone that night based on the clothing but claimed she never had seen the person's face. She said she made the identification from inside the store. At trial, she could not make an identification again, stating she

never saw the person's face.

{¶ 5}   Defendant was placed under arrest and transferred to Officer Taft's police vehicle. Officer Taft repeatedly testified that he had searched his car before placing defendant in the vehicle. He did not believe he had anyone else in the car before defendant that day. Officer Taft always searches his vehicle after removing persons from it. He did not search defendant before placing him in the rear of the cruiser stating he thought another officer had already searched defendant.   Officer Taft did not see any contraband on the floor well in the backseat of his car when he put defendant inside. During the short transport from the scene to the jail, Officer Taft noticed defendant was shuffling around in the backseat. This concerned Officer Taft. Upon arriving in the station's sally port, Officer Taft took defendant to the front of the vehicle where he was held by Officer Paris. Officer Taft then investigated the location of the cruiser where defendant had been sitting and found a bag of suspected crack cocaine on the floor well. Defendant was charged with possession of this contraband.

{¶ 6}   The jury found defendant not guilty of drug trafficking or possessing criminal tools, and returned not guilty verdicts on all of the forfeiture specifications. However, the jury did find defendant guilty of criminal damaging and drug possession from which defendant has pursued the instant appeal.

{¶ 7}   "I. The trial court erred by denying Appellant his Sixth Amendment right to counsel due to the grossly ineffective assistance of appointed trial counsel."

{¶ 8} It is well settled that in order to establish a claim of ineffective assistance of counsel, defendant must show two components: (1) "'that counsel's performance was deficient'"; and (2) "'the defendant must show that the deficient performance prejudiced the defense.'" *State v. Kole*, 92 Ohio St.3d 303, 306, 2001-Ohio-191, 750 N.E.2d 148, quoting *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. However, appellate review of counsel's performance "must be highly deferential." Id. "[T]o show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, 143, 538 N.E.2d 373.

{¶ 9} First, defendant complains that his attorney was ineffective by withdrawing his pro se filed motion to suppress evidence and for otherwise not pursuing a suppression of the pretrial identification.

{¶ 10} Defendant's argument focuses on the belief that the identification procedure was unduly suggestive resulting in an unreliable identification of defendant as the perpetrator in violation of due process. The State counters that because there exists no grounds for the suppression of the evidence, counsel was not ineffective in failing to pursue the motion to suppress.

{¶ 11} This court has, on previous occasions, addressed similar due process challenges to "show-up identifications" and noted that "the United States Supreme Court

held that even though a show-up identification, involving the exhibition of just one individual to an eyewitness, as opposed to a lineup, is suggestive, it may, nevertheless, not offend constitutional due process if, under the totality of the circumstances, the identification is reliable." *State v. Peterson*, Cuyahoga App. No. 80606, 2002-Ohio-4165, ¶ 9, citing *State v. Martin* (1998), 127 Ohio App.3d 272, 275, 712 N.E.2d 795, citing *Neil v. Biggers* (1972), 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; see, also, *State v. Broom* (1988), 40 Ohio St.3d 277, 284, 533 N.E.2d 682 (process of presenting a single individual for identification has been widely condemned and to ensure reliability requires an examination of the totality of the circumstances to determine whether the identification procedure was so unduly suggestive that there was "a very substantial likelihood of irreparable misidentification.")

{¶ 12} The Supreme Court instructs us to consider the following factors with regard to potential misidentification: "1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) the accuracy of the witness' description of the criminal; 4) the level of certainty demonstrated by the witness at the confrontation; and 5) the length of time between the crime and the confrontation. The central question is whether, under the totality of the circumstances, the identification was reliable even though the confrontation procedure was suggestive." Id.

{¶ 13} It is the defendant's burden to show that the identification procedure was unduly suggestive. *State v. Freeman*, Cuyahoga App. No. 85137, 2005-Ohio-3480,

reversed on other grounds by *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174. "Although the presentation of a single suspect for identification is ordinarily discouraged, an exception is recognized when the suspect is apprehended at or near the scene of the crime and is presented to the victim or witness shortly thereafter." *State v. Madison* (1980), 64 Ohio St.2d 322, 332, 415 N.E.2d 272; *State v. Williams* (Oct. 4, 2001), Cuyahoga App. No. 78961.

{¶ 14} In this case, Officer Scherrer apprehended defendant in the gas station parking lot immediately after receiving the radio dispatch. Defendant was promptly taken back to the store. Defendant's clothing matched that of the suspect's, and he was found at the gas station where Jones said the suspect fled. Jones identified him as the person who had damaged the glass. Jones recalled making the identification from inside the store; however, the officer remembered her coming outside to do so. While at trial, Jones indicated she had not seen the person's face, there is no indication that she had any difficulty positively identifying defendant as the perpetrator based on his clothing at the time of the incident and ensuing identification. Based on the totality of the circumstances, there is not reasonable probability that the trial court would have granted a suppression of the pretrial identification of him. Defendant has not established a viable claim for ineffective assistance of counsel in this regard.

{¶ 15} Defendant also contends that Officer Scherrer lacked reasonable suspicion to stop him, and his counsel should have pursued a motion to suppress on that basis. Law

enforcement is justified to make investigatory stops where supported by reasonable suspicion that the person had been engaged in criminal activity. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

{¶ 16} In this case, radio dispatch reported that the suspect was wearing a red hat and black coat and was seen going to the gas station across the street from the store. Officer Scherrer was "around the corner" and responded immediately to the broadcast by turning into the gas station that was across the street from the Family Dollar Store. He saw defendant, wearing a red hat and black coat, walking from the direction of the store through the gas station parking lot. These facts support a finding that Officer Scherrer had reasonable suspicion to stop defendant, and there is no reasonable probability of a contrary conclusion had defense counsel pursued a motion to suppress on this ground.

{¶ 17} Defendant's contention that the officers lacked probable cause to make a warrantless arrest is refuted by Jones's positive identification of him as the person who damaged the store. Officer Scherrer testified that defendant was not under arrest until after the identification.

{¶ 18} Finally, defendant asserts that his attorney rendered ineffective assistance because he did not object to Officer Scherrer's testimony of the suspect's description he heard over the radio dispatch. Defendant contends this testimony was inadmissible hearsay pursuant to Evid.R. 801(C). The state responds that it was not hearsay because it was not offered for its truth, i.e., that the suspect was wearing a red hat and black coat but instead

to explain why the officer stopped defendant. "Generally, statements which are offered to explain a person's conduct are not hearsay." *State v. Bostwick* (Feb. 24, 2000), Cuyahoga App. No. 75124, citing *Czarnecki v. Basta* (1996), 112 Ohio App.3d 418, 424, 679 N.E.2d 10, citing *State v. Price* (1992), 80 Ohio App.3d 108, 608 N.E.2d 1088. This court has found an officer's testimony concerning radio broadcasts, including suspect's clothing descriptions, is not hearsay where it is used, as it was here, to explain the subsequent actions of the officers. Id. Therefore, trial counsel was not ineffective for not objecting to the subject testimony.

{¶ 19} The first assignment of error is overruled.

{¶ 20} "II. The trial court erred in denying Appellant's Motion for Acquittal pursuant to Crim.R. 29 and accepting the jury's finding of guilt which was against the manifest weight of insufficient evidence."

{¶ 21} When reviewing sufficiency of the evidence, an appellate court must determine, "after viewing the evidence in a light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.

{¶ 22} The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:

**{¶ 23}** "The appellate court sits as the 'thirteenth juror' and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

**{¶ 24}** Defendant was convicted of criminal damaging which is set forth in R.C. 2909.06(A)(1) as:

**{¶ 25}** "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:

**{¶ 26}** "(1) Knowingly, by any means;"

**{¶ 27}** Regardless of what time the damage to the store door occurred, the facts in the record establish that the door was locked when defendant arrived at the store. Jones told him the store was closed, and then defendant banged on the door so hard he caused it to crack. Although defendant argues that the store implicitly consents to persons knocking on its door during business hours, he does not argue that the store consents to persons causing damage to it. There is sufficient evidence of the elements necessary to support defendant's conviction on this offense, and it was not against the manifest weight of the evidence.

**{¶ 28}** Defendant was also charged and convicted of drug possession pursuant to

R.C. 2925.11(A):

{¶ 29} "(A) No person shall knowingly obtain, possess, or use a controlled substance."

{¶ 30} Officer Scherrer testified that he conducted a brief pat-down search for weapons. He was not searching defendant for evidence, nor was he arresting defendant at that time. After Jones positively identified defendant, he was placed under arrest and taken into Officer Taft's police car. Defendant, however, was not searched again until after arriving at the police station. Officer Taft did not search him prior to placing him in the police cruiser. Officer Taft had searched his vehicle before putting defendant inside, and there was no contraband present. He could not recall having anyone else in the car before defendant on that particular date. If he did, he would have searched the car after having removed them. When Officer Taft placed defendant into the rear of the vehicle, he did not see anything on the floor. During the short transport to the jail, Officer Taft noticed defendant shuffling around in his seat, which concerned the officer. Upon removing defendant from the car, Officer Taft immediately searched the backseat and found suspected crack cocaine on the floor well in the location where defendant had been sitting. The record accordingly contains sufficient evidence of the drug possession charge, and defendant's conviction was not against the manifest weight of the evidence.

{¶ 31} This assignment of error is overruled.

{¶ 32} "III.  The trial court erred by failing to rule on Appellant's pretrial Motion to Dismiss."

{¶ 33} Defendant contends it was plain error for the trial court not to explicitly deny his motion to dismiss for want of speedy trial. However, he does not present any substantive argument or facts that would indicate the motion had any merit. The state responds that there was no violation and makes specific reference to dates and calculations.  Defendant did not refute the motion's lack of merit in his reply brief, continuing instead to maintain that it is plain error to not explicitly rule on a pretrial motion to dismiss for want of speedy trial. In any case, we have addressed and rejected a similar argument in *State v. Huber*, Cuyahoga App. No. 93923, 2010-Ohio-5586, ¶9 where we held:

{¶ 34} "When a court fails to rule on a motion, we presume that the motion was denied. *Univ. Mednet v. Blue Cross & Blue Shield of Ohio* (1997), 126 Ohio App.3d 219, 236, 710 N.E.2d 279.  Moreover, there is no requirement that a court hold a hearing on a motion to dismiss for want of a speedy trial when the court is able to determine the issue from the record." Because defendant does not substantively address or establish any violation of his speedy trial rights, we presume the motion was denied and that the issue is capable of resolution from the record without a hearing as detailed by the state.  See App.R. 12(A)(2) and 16(A)(7). This assignment of error is overruled.

{¶ 35} "IV. The trial court erred when it ordered restitution absent any testimony

regarding the amount of damage caused and who paid for the repairs."

{¶ 36} After defendant was sentenced, the state requested the court to impose restitution for the door in the amount of $560, which the trial court obliged. There was no evidence introduced concerning or substantiating this amount.

{¶ 37} "R.C. 2929.28(A)(1) requires that when restitution is imposed as part of a criminal sanction for misdemeanor offenses, 'the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.' Ohio courts have recognized that the amount of restitution ordered by a trial court must bear a reasonable relationship to the loss suffered and is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. A trial court abuses its discretion in ordering restitution in an amount that exceeds the economic loss resulting from the defendant's crime. An appellate court may modify a sentence when it finds by clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2)."  (Internal citations omitted.)  *State v. Moore-Bennett*, Cuyahoga App. No. 95450, 2011-Ohio-1937, ¶18.  See, also, *State v. Rivera*, Cuyahoga App. No. 84379, 2004-Ohio-6648.

**{¶ 38}** The statute[1] further provides that "[i]f the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation department that serves the jurisdiction or the clerk of the court on behalf of the victim."

**{¶ 39}** "If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."

**{¶ 40}** In this case, the restitution order does not comply with the directives of the statute and this assignment of error has merit even under a plain error analysis. The court did not determine the amount of restitution based on an amount recommended by the offender, a presentence investigation report, estimates or receipts or any other information that would enable us to determine that it correlates to the amount of economic loss suffered by the Family Dollar Store as a result of defendant's conduct. Accordingly, this assignment of error is sustained and the trial court's order of restitution is vacated.

**{¶ 41}** "V. The trial court erred by failing to journalize the jury's verdict on the forfeiture specifications."

---

[1] The restitution order relates to defendant's criminal damaging conviction and therefore the

**{¶ 42}** Our remand of this matter on July 14, 2011 and the trial court's subsequently issued corrected journal entry on July 27, 2011 renders this assignment of error moot.

**{¶ 43}** Judgment affirmed in part, reversed in part and remanded.

It is ordered that appellee and appellant split the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY EILEEN KILBANE, A.J., CONCURS;
COLLEEN CONWAY COONEY, J., CONCURS IN PART AND DISSENTS IN PART (SEE ATTACHED CONCURRING AND DISSENTING OPINION)

COLLEEN CONWAY COONEY, J., CONCURRING IN PART, DISSENTING IN PART:

**{¶ 44}** I concur in all but the majority's resolution of the fourth assignment of error regarding restitution.  Since no objection was made to the State's request for $560 restitution for the door, I would find no merit to this assignment of error.  As the State pointed out at argument, the amount of damages was disclosed to defense counsel during

provisions of R.C. 2929.28 governing misdemeanor sentencing would apply.

discovery.   Hence, no objection was raised.

**{¶ 45}** Moreover, as the State conceded, the court's journal entry should be corrected to reflect criminal damaging is a second degree misdemeanor.