[Cite as *State v. Lindsey*, 2012-Ohio-804.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96601**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE LINDSEY

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED IN PART, REVERSED**
**IN PART, AND REMANDED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-507095, CR-509932, and CR-540066

**BEFORE:** E. Gallagher, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 1, 2012

**ATTORNEY FOR APPELLANT**

Christina M. Joliat
P.O. Box 391531
Solon, Ohio    44139

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:    Mark J. Mahoney
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Terrance Lindsey appeals convictions entered in the Cuyahoga County Court of Common Pleas. Appellant presents seven assignments of error stemming from his guilty pleas to eight felonies entered on October 14, 2010. For the following reasons, we affirm, in part, and reverse, in part.

{¶2} Appellant was indicted in three separate cases. In CR-507095, appellant was charged with theft in violation of R.C. 2913.02(A)(1) (Count 1), theft in violation of R.C. 2913.02(A)(3) (Count 2), and passing a bad check in violation of R.C. 2913.11(B) (Counts 3, 4, and 5). In CR-509932 appellant was charged with burglary in violation of R.C. 2911.12(A)(2) (Count 1), forgery in violation of R.C. 2913.31(A)(2) (Counts 2 and 4), forgery in violation of R.C. 2913.31(A)(3) (Counts 3 and 5), and theft in violation of R.C. 2913.02(A)(1) (Count 6). In CR-540066, appellant was charged with burglary in violation of R.C. 2911.12(A)(2) (Counts 1, 3, and 5), theft in violation of R.C. 2913.02(A)(1) (Counts 2 and 4), identity fraud in violation of R.C. 2913.49(B)(2) (Counts 6, 8, 9, 11, 13, and 16), forgery in violation of R.C. 2913.31(A)(2) (Counts 7, 14, 17, and 18), receiving stolen property in violation of R.C. 2913.51(A) (Counts 10 and 12) and forgery in violation of R.C. 2913.31(A)(3) (Count 15). Appellant initially pled not guilty to the charges.

{¶3} On October 14, 2010, pursuant to a plea agreement, appellant plead guilty in CR-507095 to Count 1 as indicted. In CR-509932, appellant pled guilty to theft as amended in Count 1 in violation of 2913.02(A)(1) and to Counts 2, 3, and 6 as indicted.

In CR-540066 appellant pled guilty to Counts 1, 2, and 6 as indicted. All remaining counts in these indictments were nolled.

{¶4} In CR-507095, appellant was sentenced to a prison term of one year to run concurrent with the sentences in CR-509932 and CR-540066. In CR-509932, appellant was sentenced to prison terms of one year on Counts 1, 2, 3, and 6. The one-year prison terms were ordered to be served concurrent to one another and concurrent with the sentences in CR-507095 and CR-540066. In CR-540066, appellant was sentenced to a prison term of six years on Count 1, one year on Count 2, and time served on Count 6. Appellant's sentences on Counts 1 and 2 were ordered to be served consecutive to one another and concurrent with the sentences imposed in CR-507095 and CR-509932, for a cumulative prison term of seven years. Appellant was ordered to pay restitution in the amount of $3,200.

{¶5} On December 22, 2010, appellant filed a motion to withdraw his guilty pleas in the above three cases. The trial court denied appellant's motion on January 12, 2011. On March 30, 2011, appellant filed a motion for leave to file a delayed appeal, which this Court granted on May 16, 2011.

{¶6} In appellant's first assignment of error, he posits that:

[Appellant] was deprived of due process of law when the trial court abused its discretion by failing to allow his withdrawal of guilty plea despite a showing of manifest injustice.

{¶7} Appellant's first assignment of error is beyond the scope of the present appeal. Appellant's motion for leave to file a delayed appeal sought our direct review

of his conviction and specifically, the trial court's November 5, 2010 journal entries in CR-507095, CR-509932, and CR-540066. We did not grant appellant leave to appeal from the trial court's January 12, 2011 denial of his motion to withdraw his guilty pleas. Therefore, appellant's first assignment of error shall not be considered.

{¶8} Appellant's second assignment of error states:

It was error for the trial court to convict the appellant of both forgery and uttering since these were each committed without any separate animus and are thusly offenses of similar import and thereby contrary to law.

{¶9} Appellant argues that the trial court committed plain error by failing to hold an allied offense hearing and merging Counts 2 and 3 in CR-509932, convictions for forgery in violation of R.C. 2913.31(A)(2) and R.C. 2913.31(A)(3), respectively. The indictment provides in Count 2 that appellant forged check #57797822148, dated November 8, 2007, in the amount of $80.00 and names as the victim Juanita Williams and/or CJ Beverage. Count 3 references the same check and victim and charges appellant with uttering the forged check.

{¶10} Appellant failed to object to the court's imposition of multiple sentences and has, therefore, waived all but plain error. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, plain error exists only when it is obvious on the record. *See State v. Tichon*, 102 Ohio App.3d 758, 767, 658 N.E.2d 16 (9th Dist.1995).

{¶11} The Ohio Supreme Court established the proper analysis for determining

whether offenses qualify as allied offenses subject to merger pursuant to R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50 (internal citations omitted), and has held that:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.   *Id.*

{¶12} We have previously recognized that forgery under R.C. 2913.31(A)(2) and uttering under R.C. 2913.31(A)(3) may constitute allied offenses depending on the underlying factual circumstances.  *State v. Bounds*, 107 Ohio App.3d 700, 705, 669 N.E.2d 334 (8th Dist.1995);   *State v. Griffiths*, 8th Dist. No. 61980, 1993 WL 106952 (1993).   However, under *Johnson*, we must consider the defendant's conduct in determining whether the offenses are allied offenses that should merge.  *State v. Corrao*, 8th Dist. No. 95167, 2011-Ohio-2517, 2011 WL 2112721, at ¶ 10.   The record of appellant's plea does not contain the necessary details as to the timing and circumstances of the forgery and uttering acts from which we can make such a determination.   Despite the nearly identical facts stated in the indictment of the two

offenses and the fact that the date of the offenses are the same, it is impossible to determine whether they were committed in "a single act with a single state of mind" based on the record before us.

{¶13}   In instances where a defendant, after entering a guilty plea, fails to raise the issue of merger of offenses at sentencing, the trial court fails to sua sponte conduct an allied offense analysis and the defendant has failed to offer any evidence to make an obvious case for plain error in the trial court's failure to merge counts, this court has refused to find plain error on appeal.   *State v. Snuffer*, 8th Dist. Nos. 96480, 96481, 96482, 96483, 2011-Ohio-6430, 2011 WL 6245774, at ¶ 9-11.

{¶14} Accordingly, appellant's second assignment of error is without merit and overruled.

{¶15}   Appellant's third assignment of error states:

The trial court erred when it entered judgment and sentence on the guilty plea to theft because the indictment was insufficient to constitute a felony of the fifth degree.

{¶16}   Appellant argues that three of his convictions for fifth degree felony theft were in error based on the indictments and that the court should reduce the convictions to first degree misdemeanors and remand for resentencing.

{¶17}   In Count 1 of CR-507095, appellant was indicted for theft of money orders in violation of R.C. 2913.02(A)(1).   Appellant concedes in his reply brief that pursuant to R.C. 2913.71, a theft of a money order is properly a felony of the fifth degree.   *See also State v. Rygelski*, 8th Dist. Nos. 54557 and 54558, 1988 WL 122946

17 (1988), (holding that a money order is the type of property that the legislature sought to include in the automatic enhancement statute, R.C. 2913.71.)

{¶18} In Count 1 of CR-509932, appellant was charged with burglary in violation of R.C. 2911.12(A)(2). Pursuant to appellant's plea bargain, the state moved to amend the charge to theft in violation of R.C. 2913.02(A)(1). However, in presenting the plea to the trial court neither the state nor the appellant specified that the amended charge was a felony of the fifth degree rather than a first degree misdemeanor or indicated the monetary value of the checks. There is no explanation on the record as to how the amended charge qualified for enhanced treatment as a fifth degree felony, nor is there any indication in the record of the value or type of items underlying the amended theft charge. As such, we find that the trial court erred in assuming that the charge was a fifth degree felony rather than a first degree misdemeanor.

{¶19} In Count 6 of CR-509932, appellant was charged with theft of money with the specification that the amount was less than $500.00. Pursuant to R.C. 2913.02(A)(1), we similarly find that the trial court erred in classifying appellant's plea to this charge as a fifth degree felony.

{¶20} As indicted, the above two counts were first-degree misdemeanors. We find the trial court erred in entering a conviction for fifth-degree felonies on those two counts and remand the case for the trial court to correct the journal entry so that it reflects a conviction for a first-degree misdemeanor on Counts 1 and 6 of CR-509932. The trial court must also resentence appellant on those counts. *State v. Moulton*, 8th

Dist. No. 93726, 2010-Ohio-4484, 2010 WL 3706620, at ¶ 19.

**{¶21}** Appellant's fourth assignment of error states:

It was plain error for the court to amend a burglary offense to a theft offense as they are two offenses containing different elements and requiring independent proof and this is violative [sic] of the constitutional right to indictment.

**{¶22}** Appellant argues that his right to indictment under Section 10, Article I of the Ohio Constitution and Crim.R. 7(A) was violated by the trial court's acceptance of his plea bargain wherein the state agreed to amend count one of CR-509932 from burglary to theft in exchange for appellant's guilty plea. Appellant argues that theft is not a lesser included charge of burglary and the amendment violated Crim.R. 7(D).

**{¶23}** Appellant cites the third district's decision in *State v. Rohrbaugh*, 178 Ohio App.3d 211, 2008-Ohio-4781, 897 N.E.2d 238 (3rd Dist.), in support of his argument. However, the Ohio Supreme Court overruled that decision in *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, wherein the court held that "[a] defendant may plead guilty to an indictment that was amended to change the name or identity of the charged crime when the defendant is represented by counsel, has bargained for the amendment, and is not prejudiced by the change." *Id*. at syllabus. The court reasoned that a defendant cannot take advantage of an error that he invited through the plea negotiations. *Id*. at ¶ 10.

**{¶24}** We find that the present situation satisfies the three-part test of

*Rohrbaugh*. Appellant was represented by counsel, his bargained for plea deal resulted in numerous counts of the indictments being nolled and a reduction in the charge at issue from a burglary to a lesser charge of theft, and he was not prejudiced by the amendment to a lesser charge.

{¶25} Appellant's fourth assignment of error is without merit.

{¶26} Appellant's fifth assignment of error states:

The trial court committed plain error when it convicted appellant of burglary, a crime for which there was insufficient evidence.

{¶27} Appellant argues that the record contains insufficient evidence to support his plea and conviction for burglary. Appellant cites to facts outside the record and asks this court to perform a sufficiency analysis on the state's case for a charge to which he pled guilty.

{¶28} "The Ohio Supreme Court, following United States Supreme Court precedent, has, in no uncertain terms, long held that a 'counseled plea of guilty is an admission of factual guilt which removes issues of factual guilt from the case.'" *State v. Wenson*, 8th Dist. No. 78522, 2001 WL 824480 (2001), citing *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), at paragraph one of the syllabus. "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it Quite [sic] validly removes the issue of factual guilt from the case." *Wilson*, *supra* at 54.

{¶29} Appellant's guilty plea is a complete admission of his guilt pursuant to

Crim.R. 11 that precludes challenging his conviction on the basis of insufficient evidence. *State v. Venable*, 2d Dist. No. 24020, 2010-Ohio-6211, 2010 WL 5274055, at ¶ 7, citing *State v. Buhrman*, 2d Dist. No. 96CA145, 1997 WL 566154 (1997); *State v. Jamison*, 2d Dist. No. 21165, 2006-Ohio-4933, 2006 WL 2709707.

{¶30} Appellant's fifth assignment of error lacks merit.

{¶31} Appellant's sixth assignment of error states:

The trial court abused its discretion when it sentenced appellant to the maximum penalty and a consecutive sentence, it was plain error and contrary to law.

{¶32} Appellant argues that the trial court erred in sentencing him to the maximum prison sentence for his fifth degree felonies and in ordering his convictions in Counts 1 and 2 in CR-540066 to be served consecutively.

{¶33} This court has recognized that we review felony sentences using the *Kalish* framework. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *State v. Brunning*, 8th Dist. No. 95376, 2011-Ohio-1936, 2011 WL 1584479. In *Kalish*, the Ohio Supreme Court applied a two-prong approach to appellate review of felony sentences. Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id*. at ¶ 4. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. *Id*. at ¶ 4 and 19.

**{¶34}** We must determine whether or not the sentence is contrary to law as required by R.C. 2953.08(G). "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence."[1] *Id.* at ¶ 11, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish*, *supra* at ¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. *Id.*

**{¶35}** R.C. 2929.11(A) provides that:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

**{¶36}** R.C. 2929.12 provides a nonexhaustive list of factors a trial court must

---

[1] The General Assembly recently amended former R.C. 2929.14(E)(4), renumbered R.C. 2929.14(C)(4), and enacted new language requiring fact-finding for consecutive sentences. Am.Sub. H.B. No. 86; *State v. Calliens*, 8th Dist. No. 97034, 2012-Ohio-703, ¶ 28. However, this legislation, which had an effective date of September 30, 2011, is not applicable to appellant, who was sentenced in November 2010.

consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶37}** In the instant case, aside from the appropriate resentencing mandated by our disposition of appellant's third assignment of error, we do not find appellant's sentence to be contrary to law. Appellant's sentence falls within the statutory range for each charge. Further, the record reflects that the trial court properly considered the applicable sentencing statutes when imposing appellant's sentence. The trial court stated in its judgment entry that appellant's prison term is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11 and that it had considered all required factors of the law. On these facts, we cannot conclude that appellant's sentence is contrary to law.

**{¶38}** Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish* at ¶ 4 and 19. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Id*. at ¶ 19, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶39}** The trial court did not abuse its discretion in imposing a seven year cumulative prison sentence in the present case. The trial court allowed appellant and his counsel to advocate for a lesser sentence. We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable.

Accordingly, appellant's sixth assignment of error is overruled.

**{¶40}** Appellant's seventh assignment of error states:

The trial court abused its discretion when it ordered restitution sanctions upon the defendant in the absence of any competent and credible evidence in the record to support such an order, thus the amount of restitution set at the defendant's sentencing hearing constitutes plain error.

**{¶41}** Appellant argues that the trial court erred in ordering appellant to pay restitution in the amount of $3,200 based solely upon the representation of the prosecutor as to what the appropriate amount of restitution was in the case.

**{¶42}** Preliminarily, we note that appellant did not object at his sentencing hearing to the order of restitution or the amount ordered, thus he waived all but plain error. *State v. Jarrett*, 8th Dist. No. 90404, 2008-Ohio-4868, 2008 WL 4356160, ¶ 14, citing *State v. Marbury*, 104 Ohio App.3d 179, 181, 661 N.E.2d 271 (8th Dist.1995).

**{¶43}** R.C. 2929.18(A)(1) requires that when restitution is imposed as part of a criminal sanction for felony offenses, "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." Ohio courts have recognized that the amount of restitution ordered by a trial court must bear a reasonable relationship to the loss suffered and is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. *State v. McRae*, 8th Dist. No. 96253, 2011-Ohio-6157, 2011 WL 5998202, at ¶ 37. A trial court abuses its discretion in ordering restitution in an amount that exceeds the economic loss resulting from the defendant's crime. *Id.*

**{¶44}** The statute further provides that

If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. R.C. 2929.18(A)(1).

**{¶45}** Documentary and/or testimonial evidence must be introduced to demonstrate the victim's economic loss. *State v. Waiters*, 191 Ohio App.3d 720, 725, 2010-Ohio-5764, 947 N.E.2d 710, at ¶ 18, citing *State v. Webb*, 173 Ohio App.3d 547, 2007-Ohio-5670, 879 N.E.2d 254; *Marbury*, *supra*.

**{¶46}** In this case, the restitution order does not comply with the directives of the statute and this assignment of error has merit even under a plain error analysis. *Id* at ¶ 20-21; *McRae*, *supra* at ¶ 40. The court did not determine the amount of restitution based upon an amount recommended by the victim, the offender, an amount agreed upon during plea negotiations, a presentence investigation report, estimates, receipts, or any other information that would enable us to determine that it correlates to the amount of economic loss suffered by the victim as a result of defendant's conduct. Accordingly, this assignment of error is sustained and the trial court's order of restitution is vacated

and the matter remanded for a restitution hearing.

**{¶47}** Appellant's third and seventh assignments of error are sustained. Case remanded for resentencing under assignments of error three and seven.

**{¶48}** Judgment affirmed in part, reversed in part, and remanded.

It is ordered that appellee and appellant split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR